## GUENO et al. *v.* SOUMASTRE.

Where the right to exact payment of a note is made to depend upon a condition, prescription will not commence until the condition has been fulfilled. Prescription does not begin to run until a right of action has accrued.

APPEAL from the District Court of the First District, *Buchanan,* J. D., and *J. Seghers,* for the plaintiffs.    *Morel, Canon* and *Preston,* for the appellants.

The judgment of the court was pronounced by

KING, J.    *Mathieu Gueno* died in the year 1835, leaving, as his only heirs, three children, viz: the defendant, who was of full age, and the two plaintiffs, who were minors. *Felix de Armas* was appointed tutor to the latter.

On the 6th January, 1838, the effects of the deceased were sold at public auction, pursuant to an order of the Court of Probates, when three lots of ground were adjudicated to the defendant for $6450, of which sum one-tenth was payable in cash, and for the remainder the conditions of the sale required that notes should be given satisfactorily endorsed, payable at twelve and eighteen months, with ten per cent interest after maturity, and their payment secured by a mortgage upon the adjudicated property.

On the 26th of December, 1838, the defendant and *De Armas,* the latter acting as the tutor of the minors, entered into a notarial act, in which, after reciting the previous probate proceedings, the adjudication to the defendant, and her desire that a formal transfer should be made to her of the three lots, or rather of two-thirds of them, as she already owned one-third by right of inheritance, a formal sale was passed to her. They proceed to state that the adjudication to her amounted to $6450, and that the sum for which she would be accountable would, consequently, be $4300; but, in as much as none of the debts of the succession had as yet been paid, and as *F. De Armas* was charged by *Mrs. Soumastre* with the final settlement of the affairs of the succession, it was agreed that *De Armas* should receive the cash, and the proceeds of the notes arising from the sales to strangers; that an interest account should be kept between the parties, at the rate of five per cent upon the sums that the defendant

should have to receive or pay in cash; that *Mrs. Soumastre* should furnish her notes for the full amount of her purchases, less the tenth payable in cash; that *De Armas* should *effect as soon as possible a settlement of the succession; whereupon Mrs. Soumastre should furnish new notes for the amount which she should be found to owe to the minors, and that these should be secured by a mortgage upon the adjudicated property.*

Pursuant to the stipulations of this act, two notes for the balance due on the adjudication were given by the defendant, payable to the order of *De Armas;* and this payment, as well as that of the tenth required in cash, and such other sum as might be found upon a final settlement to be due to the minors, was secured by a mortgage. These notes appear to have been left in the hands of the notary before whom the act was passed, from whence they were not withdrawn for several years.

*De Armas* died without having settled the succession of *Gueno,* or collected the notes made by the defendant, or rendered an account of his tutorship. The plaintiffs instituted suit against his succession, from which, as it proved to be insolvent, only a part of their claim was recovered. They now aver that their father's succession is composed of the sum thus recovered, and of the sum retained by *Mrs. Soumastre,* of which they claim two thirds, and allow as a credit the amount collected from *De Armas'* succession.

The defendant contends that this suit must necessarily be based upon the two notes, which are the only evidence of her indebtedness, and that these have been extinguished by prescription, the last having matured in July, 1839, whereas this suit was not instituted until January, 1845.

This plea of prescription presents the principal issue in the cause, and would be fatal to the claim of the plaintiffs, but for the act of 26th December, 1838.

The evident intention of the parties to that instrument appears to us to have been, that the notes given by the defendant should remain in the hands of the tutor, who was also defendant's agent, and should not be exigible until a final settlement of the succession had been made, as her indebtedness to her co-heirs could not be determined until this had been effected. This was a condition upon which the collection was made by the contract to depend, and it has never been fulfilled. If suit had been instituted upon the notes previous to the settlement stipulated in the contract, it is admitted by the defendant that the proceedings could have been enjoined; and the principle is well settled that until the right of action has accrued prescription does not commence to run. No such final settlement appears ever to have been made; until it was made the right of action remained suspended, and with it the prescription. 2 Mart. N. S. 432, 433, and the authorities there cited. Merlin, Repert. *verbo* Prescription, § 17.

The defendant pleaded in reconvention several sums of money expended for improvements made upon the property adjudicated to her, taxes paid, and an account for the board of the plaintiffs. These claims were properly rejected. The improvements were made and taxes paid upon property of which the defendant was the owner, and the claim for board is not supported by the evidence.

*Judgment affirmed.** 

---

* The judgment below was in favor of the plaintiffs for $3,428 55, with interest, and a special mortgage on the property purchased.