## HEIRS OF MARIE J. DESLONDES v. THE CITY OF NEW ORLEANS.

The formal probate of a will cannot be disregarded by parties claiming as heirs of the testator, but never in possession, and they cannot institute a petitory action without seeking to annul such probate.

When heirs-at-law have once acquiesced in a will, by accepting some bequest under it, neither they, nor those claiming under them as heirs, are at liberty afterwards, to contest its provisions or assert its nullity.

APPEAL from the Third District Court of New Orleans, *Duvigneaud*, J.

*Henry St. Paul, Miles Taylor, H. H. Taylor, Thomas H. Lewis,* and *G. Le-Gardeur*, for plaintiffs and appellants. *J. J. Michel, Randall Hunt,* and *Louis Janin*, for defendant.

MERRICK, C. J. This suit is brought to recover of the defendant, " all the batture now in its possession and unsold, lying in front of faubourg St. Mary, and between New Leveee street and the river, and between Common street and the line dividing the batture in front of faubourg Delord, from the batture in front of faubourg St. Mary, and all the batture lying in front of Delta and Front streets, to the water's edge."

Counsel inform us, that the questions which they present to our consideration under the plaintiffs' title, involve property to the amount of several millions of dollars. In the examination of the case, they have exhibited a research and learning worthy of the magnitude of the interest at stake.

As we shall dispose of this case upon a single point, it is not our intention to follow the counsel through the numerous questions which they have illustrated and exhausted.

Both parties claim through *Marie J. Delondes*, who died in 1792. The plain-tiffs claim as her heirs-at-law. The defendants, through a donation made by her in her marriage contract with *Bertrand Gravier*, her husband, and a will made in his favor, as sole and universal heir and legatee, and admitted to probate under the Spanish law, 21st November, 1792. The plaintiffs object that the marriage contract was not recorded as was required, by the laws then in force, and oppose the will on various grounds.

The will which, if valid, covers the case independent of the marriage contract, was not signed by the testatrix, or read to her, and the following note preceded the signatures of the witnesses and notary receiving the same, viz:

"After writing out this will, it could not be read to the party authorizing the same, in consequence of her being deprived of consciousness," (or a temporary suspension of the faculties or senses,) "but the witnesses were present at the declaration she made of her will, of the nomination of an executor, heir, and all the rest contained in this instrument of writing. In testimony," &c.

The Alcalde, to whom the instituted heir applied for probate of the will, was assisted as required, by a jurisconsult, called the Assessor of this Intendency, and, before hearing the witnesses, he referred the matter to the Governor of the province, the highest judicial officer thereof, who ordered the witnesses to be heard. After the testimony was received, and the case taken under advisement, the Alcalde assisted as above mentioned, decreed the will to be valid, and ordered it to be kept and executed.

*Bertrand Gravier* went into possession under the will, and he and his vendees have held possession ever since. By the will, two thousand dollars were given to the children of *James Deslondes*, a brother; one thousand dollars were given to *George Deslondes*, another brother of the testatrix; and the like sum to the children of her brother-in-law *Ainie*. The plaintiffs claim through them as heirs.

We have no reason to doubt the correctness of the conclusion of the Supreme Court of the United States, in regard to the decree of the Alcalde. In the case of *Fouvergne*, one of the present plaintiffs against the defendant, the Supreme Court of the United States said, in reference to the allegations of the bill in chancery impugning the will of *Marie J. Deslondes*, as a legal instrument, as follows:

"That question, in our opinion, is closed by the decree of the Alcalde. That decree declares the will to be valid and subsisting, and directs its execution. We are obliged to treat the decree as the judicial act of a court of competent jurisdiction. In fact, it was the only judicial authority in the province of Louisiana, except that exercised by the Governor. This decree remains in full force, never having been impeached, except in this collateral way." 18 How.

The objection which was fatal to plaintiffs' action in the Supreme Court of the United States, has not been avoided by the form in which the present action has been brought. The formal probate of a will cannot be disregarded by parties claiming as heirs of the testatrix, but never in possession, and they cannot insti-

DESLONDES
v.
.NEW ORLEANS.

· tute a petitory action without seeking to annul such probate. *Haydel* v. *Roussel*, 1 An. 38 ; see authorities cited in *Delespare* v. *Warner*, ante 413.

But waving this objection, we think the proof adduced by the defendant, sufficient to show a ratification of the will. The receipt of *George Deslondes* has been produced for the $1,000 bequeathed him by his sister, and the dealings and intimate relations of the ancestors of the plaintiffs with *Bertrand Gravier* and his heirs, leaves no reasonable doubt that the other legacies were also paid, and that the heirs-at-law acquiesced in the will. The defendants, after a lapse of more than sixty years, cannot be expected or required to produce positive proof of the facts on which they rely, to show such ratification. But as possession has followed defendant's title for this long period, the presumption arising from the dealings and intimate relations of the parties in its favor, are sufficient.

We, therefore, concur with the learned Judge of the District Court, in relation to the facts of the case, and are of the opinion that the judgment of the lower court ought to be affirmed.

Judgment affirmed.