No. 6624.

SUCCESSION OF HUGH McCLOSKEY. HUGH McCLOSKEY vs. J. D. MARTIN AND RICHARD McCLOSKEY, EXECUTORS.

A legatee who has accepted, and entered on the enjoyment of his legacy, can not afterward demand that the terms and conditions of the legacy shall be changed.

APPEAL from the Second District Court, parish of Orleans. *Tissot,* J.

*T. W. Collens* and *James Timony,* for plaintiff and appellant.

*E. Bermudez* and *T. Gilmore & Sons,* for defendants.

The opinion of the court was delivered by

DEBLANC, J. Hugh McCloskey, an uncle of plaintiff, died in this city, leaving a last will containing several legacies, one of which to his nephews, Hugh, the plaintiff, and George, his brother. The legacy to his nephews was, partly, " the right to rent at five hundred dollars per month some property belonging to him, the testator."

The will does not fix the time during which that right may be enjoyed.

On the twenty-second of December, 1873, Hugh McCloskey applied to the Second District Court for the purpose of having said disposition carried into effect. His application was granted, and the executors of the last will of his uncle ordered to lease him the property for the space of four years.

On the twenty-seventh of January, 1874, in accordance with the disposition of the will and the judgment of the court on his own application, the executors appeared before a notary, and leased unto the said

Hugh McCloskey, for and during the term of four years, a house and its appurtenances (that designated in the will).

This lease was made for and in consideration of forty-eight notes of each five hundred dollars, subscribed and delivered by plaintiff to the executors.

He now prays that said lease be abrogated, and the rent of the house reduced to two hundred and fifty dollars per month, until a change in the market value of rent may warrant an increase or another reduction thereon.

The district judge rejected plaintiff's demand, and we are asked to reverse his decision, to annul the judgment authorizing the executors to rent and fixing the term of the lease, to avoid the contract of the twenty-seventh of January, 1874, and replace it by another, a different contract.

Plaintiff bases his demand on the ground that he signed the lease and the notes in error of his rights under the will; that his uncle intended to confer on him an advantage, a benefit, and that the rent, if continued at five hundred dollars, would be a burden.

When the will was written, when it was probated, when the legacy was accepted, that legacy was an advantage, a benefit. The contract, intended by the deceased as a favor to his nephew, was, at the request of the nephew, passed by the executors of the last will. Can it be canceled without the consent of the legatees and creditors of the deceased?

It is not, in reality, an abrogation or dissolution of the lease that plaintiff is asking; nor is it a reduction of the price first agreed upon, for any of the special causes fixed by our legislation and jurisprudence. His object is to so graduate the rent, so conform it to the value of rent and property, that at all times and under all circumstances, whatever may be the changes and fluctuations in the value of rent or property. the testamentary disposition in his favor shall remain an advantage, a benefit, and shall never be a burden.

Was and could the legacy have been accepted or rejected conditionally? It neither was nor could have been so accepted. A succession can be accepted under benefit of inventory, but when finally accepted or renounced, no condition can be attached to either the acceptance or renunciation. Our Code so provides, and in terms as clear as positive; otherwise the heir or legatee would invariably accept for so long only as the succession and legacy would remain an advantage, and as invariably renounce, until so long only as the succession or legacy would be a burden. That is not the law. R. C. C. art. 1016.

Can the heir or the legatee dispute the validity or reduce the effects of his unqualified acceptance, under the pretext of lesion? He can not. Suppose that the lease, in this case, instead of being allowed for the space of four years, on the condition fixed by the testator, had been

allowed for ten years, and that, during nine years and nine months, the lease on that condition would have proven a considerable advantage to the legatee, could he consistently contest the payment of the rent due for the last month of that long term on the ground now urged by plaintiff? Certainly not. R. C. C. art. 1009.

What is a legacy? An offer from the dead to the legatee to take what he intended to give. That offer the legatee can refuse or accept. If he accepts, it must be on the condition fixed by the deceased; those conditions, whatever they may be, he can not change before, and much less after, the acceptance. If to-day the legatee takes a horse valued by the testator at five hundred dollars, and worth that amount, and, shortly after, it becomes affected with the glanders, could he justly claim the five hundred dollars on the ground that the testator intended that he should have and preserve the equivalent of that sum? He would be told: it was after it was delivered to you, after it had become yours, that the object of the legacy lost its value, and that loss you alone must bear, as you alone, and not the heir, would benefit by an increase in the value of said object.

The inference is indisputable, the testator intended to confer an advantage, and not to impose a burden. With that view he fixed the rate of the rent; and, as to that clause, his last will was carried into effect. What he had not done the court did; with the consent of every one of the interested parties the court fixed the term of the lease, and plaintiff has accepted, taken, and enjoyed at the rate and on the condition fixed. We can neither add to nor change the condition settled by the will, the decree of the court, and the contract of the parties.

There is no error in the judgment of the lower court.

It is therefore affirmed with costs.