## No. 10,268.

### GEORGE W. CHAMBERS ET AL. VS. JULIA A. CHAMBERS.

1. After a testator has bequeathed several special legacies of money to sundry persons named, the following clause is inserted in his will, viz:
"I desire that the double houses and property on Villere street be sold, and I bequeath the proceeds thereof to all the above named legatees, in the proportion that the legacies made shall have to said gross proceeds."
*Held,* that it is a testamentary disposition which was intended to confer upon each of said legatees an *additional* bequest, and not merely to provide the means to discharge those previously enumerated.

2. A transaction or compromise has no force or effect in respect to minors, unless same is duly authorized by the judge.

3. A residuary legatee, who, being thereto duly authorized by the judge, pays the special legacies which *prime* her own, and is furnished by the legatees receiving payment, full acquittances and receipts therefor, is entitled to set up the same as a compromise and transaction in bar of an action instituted by such special legatees against her as an individual, claiming an additional amount as due under the testator's will.

4. Such special legatees as may have received from the residuary legatee the full amount of the special *money* legacies named in the will, as in full of all dues and demands, after having had in their possession copies of the will, for a sufficient length of time to have given it careful consideration and become fully apprised of its contents, are irrevocably bound by such acquittance and receipt.

APPEAL from the Civil District Court, for the Parish of Orleans. *Voorhies,* J.

*Merrick & Merrick* for Plaintiffs and Appellees.

*Bayne, Denègre & Bayne* for Defendant and Appellant.

The opinion of the Court was delivered by

WATKINS, J. George W. Chambers, for himself, and as guardian of

his two minor children, viz : Benjamin and Fannie, and Minnie Chambers, join Annie E. Hahn, in an action against Julia A. Chambers, and demand judgment on the following representations and averments :

That on the 24th of October, 1884, Benjamin F. Chambers—a brother of George—departed this life, leaving no forced heirs; but that he made a will, noncupative in form, evidenced by an authentic act, in which he bequeathed to various blood relations, numerous small legacies, aggregating in amount about $7000 ; and, afterwards, the residue to his surviving wife, Julia, constituting her his " residuary legatee."

That, under the will, deceased bestowed the following legacies on the plaintiffs, viz :

On G. W. Chambers ........................................$1,000 00
On Benjamin Chambers ..................................... 500 00
On Fannie Chambers'....................................... 250 00
On Minnie Chambers ....................................... 250 00
On Annie E. Hahn.......................................... 250 00

Total ...........................................:$2,250 00

That, after the various special legatees are enumerated in the testament, and the respective amounts of the legacies are mentioned, there occurs the following clause, viz :

" I desire that the two double houses and property on Villere street be sold, and I bequeath the proceeds thereof to all the above named legatees in the proportion that the legacies made shall bear to said gross proceeds."

It is averred that this property was sold, and realized $2600 at the sale.

That Mrs. Julia A. Chambers was recognized by the court as residuary legatee, and charged with the duty of executing the will, and paying off the special legacies ; and that William Roy acted as her agent in so doing.

That the defendant and her agent represented to them that said property, above mentioned, was set aside in the will for the purpose of paying off said legacies, and was not intended to increase them.

That they denied that petitioners were entitled to receive the amount of their respective legacies, and a pro rata share of the proceeds of the sale of said real estate.

That on the faith of said representations of defendant and her agent, they received the sums specified, as the amount of their legacies under the will, believing the same to be all that was due them, and receipted therefor, in full settlement and acquittance of the defendant.

That said representations were untrue, and were uttered for the purpose of gaining an advantage over them for the defendant's benefit; and that said receipts were and are, erroneous, fraudulent, and unjust, and were executed by petitioners in error of fact and law, and they pray that same be so declared, and as such annulled, and the defendant decreed and directed to perform his trust, and pay them their respective and proportionate shares of the proceeds of said sale, in addition to what they have received.

That Fannie Chambers has received no part of the legacy due her, and she is entitled to $250 in addition to her proportionate share thereof.

The defendant's answer is, that a copy of the will was furnished to each one of the defendants, and same was duly examined by them with regard to its construction and interpretation, and, after such examination, and free and full discussion, said parties received from her the full amount of the several legacies specified in the testament, as coming to them, in full acquittance and discharge of the amounts due to them as legatees; and which was more than they were entitled to receive.

She avers that said sums were paid to, and received by the plaintiffs, as a compromise and in full settlement of their demands—except Fannie Chambers, to whom she expresses a willingness to pay the sum of $250, on like terms.

The exact issue is, whether the plaintiffs are entitled to receive a proportionate share of the proceeds of the property above mentioned—their contention being that, as legatees, they were entitled to receive the amounts *specified, and* a proportionate share of those proceeds, while that of the defendant is that the property indicated was directed by the testator to be sold, for the express purpose of placing the residuary legatee in funds to discharge the same; and, if there be any deficiency in the funds to meet and pay the same, the legatees have no recourse against her.

On the hearing of the cause the judge *a quo* decided that the plaintiffs were entitled to have their rights recognized to enforce the clause quoted from the will, as an *additional* legacy; and directed " that the cause do remain open for further adjudication in the premises; " and the defendant has appealed from that decision.

In his reasons for judgment the learned judge *a quo* holds, that the quoted clause of the will was intended to confer upon each of the legatees an *additional* bequest, because it, in *specific* terms, bequeathes the proceeds of the property described " to all the above named *legatees,* in the proportion that the *legacies made* shall bear to said gross proceeds." In thus construing this testamentary disposition, we think he was clearly

correct. For had the testator merely designed, by this clause, to provide means of discharging the legacies previously therein enumerated, he would have chosen different words than those just recited. Indeed, the clause is commenced as follows, viz:

"I desire that the two double houses and property on Villere street be sold:" and they would have been followed with a request that the proceeds be applied to the payment of said legacies,—or words to that effect—had it been the intention of the testator to thus bequeath.

But the words immediately following are, " and I *bequeath the proceeds thereof to all the above named legatees.*" It is submitted that these words are too clearly indicative of what was the testator's intention—i. e., to make an *additional* bequest—to require *any* discussion. The *proceeds*, in kind, were bequeathed to all the *legatees ;* and same were to be apportioned upon the ratio of the legacies therein previously enumerated, among said *existing* legatees.

But there is another serious impediment in the way of a recovery by George W. Chambers, Minnie Chambers and Annie E. Hahn, who are majors, and *sui juris*, and, it is the settlement and discharge which the defendant sets up as a compromise and bar, and which plaintiffs assail as fraudulent and erroneous.

With respect to Fannie and Benjamin Chambers, the alleged compromise can have no effect, they being minors and in a state of pupilage, such compromise not having been authorized by the judge. R. C. C. 3072.

And Fannie Chambers executed no receipt or acquittance, and has received no portion of the legacy due her, nor has her guardian for her.

The judge *a quo* held that the defendant, being executrix of the testator's estate, and unauthorized by the court to make a compromise, or transaction, was without the power to do so. But she was never executrix. The court merely directed her, as residuary legatee, to discharge the legacies enumerated in the will, and apply the residue to her own.

The plaintiffs' petition is full warrant for this assertion. The payor and the payees are all legatees; only, the special legatees enjoyed preference in receiving payment; otherwise, they were upon terms of equality.

We think there were honest and serious differences of opinion with regard to the amount the special legatees were entitled to receive. This contention runs through the whole controversy. These differences were amicably adjusted and composed, between them, and finally settled—i. e., in so far as George W. Chambers, Minnie Chambers and Annie E. Hahn are concerned.

Those plaintiffs had each a copy of the will in possession, for some time prior to the date they acknowledged payment by defendant. Letters and other communications passed between them on the subject. The record furnishes satisfactory evidence that they received the amounts specified, with a full knowledge of all the facts, and that the defendant, nor her agents, were guilty of any fraud or deception in the matter; and if they received less than they were entitled to have received, they only have themselves to blame.

The judgment should be amended by disallowing and rejecting the demands of George W. Chambers, Minnie Chambers and Annie E. Hahn.

It is, therefore, ordered and decreed that the judgment appealed from be amended by rejecting and disallowing the demands of George W. Chambers, Minnie Chambers and of Annie E. Hahn, and that, as thus amended, it be affirmed—George W. Chambers, Minnie Chambers and Annie E. Hahn, to pay three-fifths of all costs of both courts, and the defendant, Julia A. Chambers, to pay the remaining two-fifths thereof.

It is further ordered and decreed that, all other issues, relative to the description, value, and disposition of the property referred to in the clause of the testament quoted in the beginning of this opinion, be relegated to the court *a qua* to be disposed of according to law and the views herein expressed. The judgment to remain, in other respects, undisturbed.