## Succession of KRETZER.*
### No. 16522.

Court of Appeal of Louisiana.    Orleans.
Nov. 30, 1936.

Cyril F. Dumaine, of New Orleans, for appellant.

R. A. Dowling, of New Orleans, for appellee.

McCALEB, Judge.

Dr. J. M. Tolivar filed an opposition in the succession of Mrs. Rosa Kretzer to the provisional account therein filed by the testamentary executor, claiming, in substance, that he is a creditor of the estate in the sum of $1,000 by virtue of a contract entered into by Mrs. Kretzer and the executors of the estate of her first husband, Sam Felix, whereby Mrs. Kretzer agreed to pay to Dr. Tolivar a legacy left to him by the will of Sam Felix in the sum of $1,000. The claim is upon a stipulation pour autrui under the provisions of articles 1890 and 1902 of the Revised Civil Code and article 35 of the Code of Practice.

The executor of the succession appeared and filed an exception of no right or cause of action to the opposition, together with a plea that the debt was barred by the prescription of 10 years. The district judge maintained the exception of no right or cause of action and dismissed the opposition. Dr. Tolivar has appealed from the judgment of dismissal.

Counsel for the executor of the succession of Mrs. Kretzer maintains in this court that the exception of no right of action is good because the legacy in favor of Dr. Tolivar under the will of Sam Felix was null and void, being a reprobated donation in violation of articles 1519 and 1520 of the Civil Code, prohibiting the creation of substitutions and fidei commissa and that the assumption of the payment by Mrs. Kretzer of the void donation in favor of Dr. Tolivar was likewise null and may not be enforced against her estate by him.

He further contends that, in the event we should find the obligation of Mrs. Kretzer to pay Dr. Tolivar $1,000 to be valid and enforceable, the debt is now barred by the prescription of 10 years under article 3544 of the Revised Civil Code.

We shall first discuss the plea of prescription.

Article 3544 of the Civil Code provides: "In general, all personal actions, except those before enumerated, are prescribed by 10 years."

The contract, which is the subject of this litigation, was executed in February, 1923, and it is now sought to be enforced in March, 1936, or approximately 13 years after its date. Hence the plea of prescription is well founded unless the running of the statute has been suspended in some manner.

*Rehearing denied Jan. 11, 1937.

Article 2050 of the Revised Civil Code provides: "When no term is fixed by the parties for the performance of the obligation, it may be executed immediately, unless, from the nature of the act, a term, either certain or uncertain, must be implied. Thus, an obligation to pay money, without any stipulation for time, may be enforced at the will of the obligee."

The stipulation of the compromise settlement between Mrs. Kretzer and the executors of the succession of her former husband, Sam Felix, with which we are here concerned, is filed in the mortuary proceedings of Sam Felix, No. 145816 of the docket of the civil district court for the parish of Orleans, and it provides: "That as an additional consideration, Mrs. Rosa Felix assumes and obligates herself to pay and discharge, personally, out of the amount received by her as her share as herein provided, the legacy of one thousand dollars ($1,000.00) to Dr. Tolliver * * * and to provide for, such discharge in such manner as to hold forever harmless the executors named."

We construe the foregoing clause to mean that, in view of the fact that Mrs. Kretzer was to receive property from the estate immediately upon the execution of the agreement, her obligation to pay Dr. Tolivar the sum of $1,000 out of the amount received by her became due and exigible upon the date she received the assets of her former husband's estate. Therefore, unless prescription was suspended, it commenced to run against Dr. Tolivar from the date on which the obligation in his favor became due and demandable.

Article 1902 of the Civil Code provides that a contract in which anything is stipulated for the benefit of a third person who has signified his assent to accept it cannot be revoked as to the advantage stipulated in his favor without his consent. It is quite obvious that Dr. Tolivar was unable to accept or reject this stipulation until he had knowledge of its existence.

Article 3528 of the Revised Civil Code provides: "The prescription which operates a release from debts, discharges the debtor by the mere silence of the creditor during the time fixed by law, from all actions, real or personal, which might be brought against him."

And article 3530 says: "To enable the debtor to claim the benefit of this prescription, it is not necessary that he should produce any title, or hold in good faith; *the neglect of the creditor operates the prescription in this case.*" (Italics ours.)

It would seem unjust to hold that a creditor without knowledge of the obligation made in his favor is guilty of neglect in not pursuing his right. On the other hand, an examination of articles 3521, 3522, 3523, 3524, 3525, 3526, and 3527, of the Civil Code, which treat of the causes which suspend the course of prescription, do not provide exemptions in favor of the creditor who is ignorant of the existence of the stipulation in his favor.

We direct our attention to the legal maxim "Contra non valentem agere nulla currit praescriptio," which means that prescription does not run against a person who is unable to act. If this doctrine has application in the law of Louisiana, the running of prescription, respecting beneficiaries under stipulations pour autrui, is suspended during the time the beneficiary is ignorant of the stipulation in his favor, because a person without knowledge of his rights is certainly unable to prosecute them.

We find that the earlier jurisprudence in Louisiana has varied in its application of the maxim "Contra non valentem." The leading case on the subject is that of Hyman v. Hibernia Bank & Trust Co., 139 La. 411, 71 So. 598, 601, where Mr. Justice Provosty, as organ of the court, discusses the conflict of the early cases and establishes a rule of limited application of the doctrine, which has been uniformly followed by the later jurisprudence. In the Hyman Case, supra, the court holds that the doctrine "Contra non valentem" is recognized by the civil law authorities and may be invoked in this state as a cause for suspending the course of prescription in cases where the debtor has concealed the fact of the obligation or has committed other acts which tend to hinder or prevent the creditor from ascertaining knowledge of the existence of the debt.

In the case of Reardon et al. v. Dickinson et al., 156 La. 556, 100 So. 715, the court held that the plea of prescription was untenable where the petition alleged and the evidence established that the plaintiffs did not discover that a fraud had been practiced on them until May, 1920, and the suit was filed in less than a year thereafter.

And in Bernstein v. Commercial National Bank, 161 La. 38, 108 So. 117, it was held that, where letter from officials of National Bank to Comptroller of Currency was concealed, action for libel founded thereon, in which citation of service was made within one year from date when he first saw letter, was not barred by the one-year limitation prescribed by the Civil Code because the running of the statute was suspended in view of the defendant's fraudulent concealment.

In Littlefield v. City of Shreveport, 148 La. 693, 694, 87 So. 714, 716, Justice Provosty, as organ of the court, said, in speaking of the case of Hyman v. Hibernia Bank & Trust Co., supra: "That decision makes a clear distinction between the activity, or machinations, of a debtor for lulling his creditor into a false security, and his mere passivity. Mere passivity cannot arrest the course of prescription. 'Good faith not being required on the part of the person pleading this prescription,' etc. C.C. art. 3550."

In a recent case, Arkansas Natural Gas Co. v. Sartor, 78 F.(2d) 924, 928, the Fifth Circuit Court of Appeals of the United States, speaking through Judge Foster, said: "Under the law of Louisiana prescription does not run against one who is ignorant of his rights, *provided the party pleading it has been guilty of fraud that contributes to the want of knowledge on the part of plaintiff*. Hyman v. Hibernia Bank & Trust Co., 139 La. 411, 71 So. 598. But in the absence of fraud, prescription runs against all persons, unless exempted by some provision of the statute. Plaintiffs are not protected by any statutory exemption. In Cox v. Von Ahlefeldt, 105 La. 543, 30 So. 175, it was said that those who claim exemption from prescription by reason of ignorance resulting from fraud must allege and show that such ignorance was neither willful nor negligent." (Italics ours.)

A review of the authorities reveals that the Supreme Court has limited the application of the doctrine of "Contra non valentem" to cases where the debtor conceals from the creditor the fact that the creditor has a legal right to enforce. However, the course of prescription will not be suspended where the debtor remains passive and does no act which deprives the creditor of the knowledge of the existence of the right.

Applying the foregoing principles to the case at bar, we find that the facts show that Sam Felix died in 1923 leaving a last will and testament under which Dr. Tolivar was given a particular legacy to be paid by his executors after the death of the deceased's wife, Rosa Felix. During the same year, Rosa Felix entered into an agreement by notarial act with the executors of the estate of her deceased husband and the attorney for the absent heirs whereby she obligated herself, in consideration of the executors turning over to her one-half of the community property owned by her deceased husband and herself, to pay, among other things, the legacy in favor of Dr. Tolivar (provided for in the will of her deceased husband). This contract of settlement was filed as part of the record in the proceedings entitled "Succession of Sam Felix," No. 145816, civil district court for the parish of Orleans, and was a public record open to inspection by all those desiring to see it, and Dr. Tolivar was thereby charged with notice of its existence. We construe this compromise settlement, in so far as it pertains to Dr. Tolivar, as a stipulation pour autrui, and he had the right to either reject it or assent to its terms. So far as the record shows, he did neither, but he remained inactive for a period of 13 years, and after the death of Rosa Felix, who had subsequently married Gustave Kretzer, he filed this opposition in her succession proceedings.

The obligation of Mrs. Kretzer, under the compromise settlement in favor of Dr. Tolivar, was a personal one to pay Dr. Tolivar out of the money which she received from the estate of Sam Felix and became immediately due and demandable by Dr. Tolivar. The public records were open to him, and he is therefore charged with the knowledge that this stipulation in his favor was in existence. He has not alleged in his opposition that Mrs. Kretzer did anything to conceal from him the fact that the agreement had been made and, in the absence of such concealment, under the authorities herein above cited, mere ignorance on his part that the agreement did exist would not have the effect of suspending the course of prescription. Moreover, he is charged under the law with having knowledge of what is contained in the public records. We therefore hold that his claim as a creditor of the estate of Mrs. Felix is now prescribed.

· Counsel for· Dr. Tolivar contends that prescription could not start to run until after the death of Mrs. Kretzer because the legacy given him under the testament of Sam Felix provides: "Upon the death of my wife, I further direct my executors to give and bequeath unto Doctor Tullivan of New Orleans, La. the sum of one thousand dollars ($1,000.00)."

But counsel has mistaken the right of action. Dr. Tolivar is not suing under the will of Sam Felix but under a contract agreement by which Mrs. Kretzer agreed by stipulation pour autrui to pay him $1,000. The point is without merit because we construe the agreement between Mrs. Kretzer and the executors of the estate of Sam Felix to mean that, in consideration of her receiving certain assets of the estate of Sam Felix, she would personally pay out of the amount received by her, the legacy of $1,000 in favor of Dr. Tolivar provided for in the will.

Inasmuch as we find that the plea of prescription is well founded in law, it is unnecessary for us to consider the exception of no right or cause of action filed by the executor of the estate of Mrs. Kretzer.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be, and it is, affirmed.

Affirmed.