174 So. 345

## Succession of KRETZER.

### No. 34257.

April 26, 1937.

Cyril F. Dumaine and Joseph Rosenberg, both of New Orleans, for relator.

Richard A. Dowling, of New Orleans, for respondent.

HIGGINS, Justice.

Relator opposed the provisional account filed by the testamentary executor of the Succession of Mrs. Rosa Felix Kretzer, claiming to be a creditor of the estate in the sum of $1,000.

Mrs. Kretzer's first husband, Sam Felix, died in 1923, leaving a last will and tes-

tament which contained the following provision: "Upon the death of my wife, I further direct my executors to pay unto Dr. Tolivar [relator herein] of New Orleans, Louisiana, the sum of One Thousand Dollars." (Brackets ours.) While the succession was in the course of administration by the executors of the late Sam Felix, a compromise agreement and settlement was entered into between the executors, the heirs, and the widow in community of the deceased, under the terms of which certain property and effects of her late husband were delivered to her by the executors. The agreement dated February 21, 1923, contained the following provision, to wit:

"Third: That, as an additional consideration, said Mrs. Rosa Felix assumes and obligates herself to pay and discharge, personally, out of the amount received by her as her share as herein provided, the legacy of one thousand dollars ($1,000.00) to Dr. Tolliver * * * and to provide for such discharge in such manner as to hold forever harmless the executors named;"

The executor of the Succession of Mrs. Rosa Felix, widow by first marriage of Sam Felix, and wife by second marriage of Gus Kretzer, filed exceptions of no right or cause of action to the opposition and a plea of prescription of ten years.

The trial judge sustained the exceptions and dismissed the opposition, and the opponent, now the relator, appealed.

The Court of Appeal, without passing on the exceptions of no right or cause of action, sustained the plea of prescription of ten years and affirmed the judgment of the lower court. 170 So. 906. We granted a writ of certiorari and the case is here for the purpose of review.

Counsel for the respondent in connection with his exceptions argues that plaintiff's suit should have been directed against the executors of the will of Sam Felix and not against the estate of Mrs. Rosa Kretzer; that the notarial agreement of February 21, 1923, in which the widow obligated herself to discharge the legacy in favor of the relator for the sum of $1,000, was without a valid consideration, since the deceased, Sam Felix, in his will, attempted to set up a trust estate in the form of a fidei commissa, which is contrary to the statutory law and the public policy of this state.

Relator replies by stating that the opposition is based upon the agreement and not upon the will, and that the widow, Mrs. Rosa Felix, construed the controversial part of the will as granting a usufruct in her favor during the remainder of her natural life. He also invokes the doctrine of estoppel, pointing out that since the widow, under the compromise agreement with the heirs and the executors, who were also appointed as trustees of the trust estate under the will, received certain property and assets, and particularly the cash out of which relator was to be paid, and enjoyed it for the remainder of her life, neither she nor her executors or heirs could now attack the validity of the relevant part of the will and the compromise agreement.

The record shows that Sam Felix died leaving certain forced heirs and a widow

who claimed as a surviving spouse in community. He left a will in which he named two executors, who were also designated as trustees of a trust which he attempted to establish in his will. A controversy arose, and in order to settle the matter, a notarial agreement between the widow and the testamentary executors and the attorney for the absent heirs was entered into. This agreement was also approved by the heirs. In addition to the third paragraph of the agreement, which we have already quoted, the purpose of the compromise is stated in the first paragraph as follows:

"That, whereas it is the desire of the said widow and the said executors in their respective capacity, and the said Attorney for absent heirs on behalf of the said heirs, to compromise, compose and settle this Succession and all differences, disputes and controversies regarding the rights of the respective parties, under the law and under the will filed in the mortuary proceedings of said Sam Felix, number 145,816 of the Civil District Court for the Parish of Orleans, therefore, it is agreed that:"

It was also stipulated that the property would be sold at public or private sale and that the widow would have the right to purchase the one-half interest of the heirs in the household effects and the family residence No. 126 So. Claiborne avenue at certain designated prices.

In paragraph 5 of the agreement, it is stated:

"That after said division shall have been effected the said executors shall have the right to apply for and obtain their full acquittance and discharge from any trust or obligation imposed upon them by law or under the last will and testament of the deceased."

On May 21, 1925, Mrs. Sam Felix, styling herself as the widow in community, in a petition, alleged that all of the property left by the deceased belonged to the community of acquets and gains; that she approved the final account of the executors; that all of the assets and property inventoried should be distributed according to the notarial agreement and compromise which had the approval of all of the heirs; and that she be sent in possession under the agreement which she fully approved.

In the petition, she prayed that, as widow in community, she be sent in possession in her own right of all of the community property left by her husband "and cash in the hands of the executor with usufruct thereof." The same day there was judgment recognizing her as the widow in community of all of the property left by decedent, placing her in possession of an undivided one-half thereof and the usufruct of the other one-half.

It is to be noted that the executor of the Succession of Mrs. Rosa Kretzer does not offer to make any restitution or return of any of the advantages or assets which she obtained and enjoyed as a result of the compromise agreement and that she has retained those advantages since May 21, 1925, when she was formally placed in possession thereof.

The Court of Appeal pointed out that the opposition to the account is predicated upon a contract containing a stip-

ulation pour autrui, which is recognized under the provisions of articles 1890 and 1902, Revised Civil Code, and article 35 of the Code of Practice. Therefore, the argument that relator should have sued the executors of the Estate of Sam Felix, who were discharged many years ago, is without merit.

In the case of King v. King, 155 La. 19, 98 So. 742, 744, a similar case arose and in connection with the plea of estoppel, this court said:

"After the long lapse of time, after all of these proceedings, and in the face of the solemn acts and the judicial proceedings to which the plaintiff was a party, he cannot be heard now to assail the validity of the will, and especially is this true since he does not offer to return to the estate or the other heirs the benefits he has received, nor to revive the debts due the estate which he caused to be canceled under the terms of the will. * * *

"In Heirs of Barrow v. Barrow, 38 La. Ann. [645] 648, one of the grounds of attack on the will was that clauses 4 and 5 of the will were null as containing prohibited substitutions and fidei commissa. It appeared that the estate was administered under the will; the executor filed his account, which was duly homologated; and all of the heirs received their legacies and the distributive shares coming to them under the account. The court held that, after such proceedings, the heirs cannot be heard 8 years afterwards to attack the validity of the will and the settlement of the executor. See, also, Heirs of Deslondes v. City of New Orleans, 14 La.Ann. 552; Succession of Mc-

Closkey, 29 La.Ann. 406; Johnson v. Johnson, 26 La.Ann. 570; Chambers v. Chambers, 41 La.Ann. 443, 6 So. 659."

◼◼◼ It is our opinion that the foregoing authority is apposite here and that the executor of the Succession of Rosa Kretzer is estopped to question the validity of the will of her deceased husband and the notarial compromise agreement.

◼◼◼ The next defense is the plea of prescription of ten years. The Court of Appeal by separating the relevant part of the will from the pertinent part of the contract, concluded that the legacy which the widow agreed to discharge was payable immediately and, therefore, prescription began to run from February 21, 1923, and not from the date of Mrs. Rosa Kretzer's death. In order to arrive at the true intention of the parties to the notarial agreement as to the date that the legacy would be delivered, it is our opinion that it is necessary to consider the will and the compromise agreement together. From the record, it appears that this is just what the parties to the contract did, because the widow, in her petition to be recognized and placed in possession, asked to be granted the usufruct on the cash money for the remainder of her life. This was the time the will provided the legacy should be paid. Furthermore, at no time thereafter did she tender to relator the legacy or any part thereof. Thus confirming her original position, as stated in her petition, that the legacy would not become due until her death. Under these circumstances, the mere fact that the compromise agreement did not specifically or expressly state the time that the legacy

became due is immaterial, since it was plainly implied by reading the will and the agreement together. This is clear when one considers the widow's own construction of the documents in carrying out the agreement, for it was her idea that the delivery of the legacy was to be deferred until her death. Article 2050, R. C.C. It is well settled that prescription does not start to run until the obligation is due and demandable or the right of action has accrued. Succession of Oliver, 184 La. 26, 165 So. 318; Succession of Mereno, 161 La. 84, 108 So. 133; Jones v. Texas & P. Ry. Co., 125 La. 542, 51 So. 582, 136 Am.St.Rep. 339; and Gueno et al. v. Soumastre, 1 La.Ann. 44. Since the widow did not die until January 29, 1936, it is obvious that prescription has not run. The plea of ten years prescription is overruled.

The relator adequately proved his claim by documentary evidence. The executor failed to list him as a creditor for $1,000. The account should have been amended so as to recognize him as a creditor of the estate to the extent of $1,000.

For the reasons assigned, the rule nisi is made absolute, the writ of certiorari is perpetuated, and the judgments of the district court and the Court of Appeal are annulled and set aside, and it is now ordered, adjudged, and decreed that there be judgment amending the account filed by the executor of the Succession of Rosa Kretzer by placing thereon the name of Dr. Joseph M. Tolivar for the sum of $1,000, and, as thus amended, the account is approved and homologated; the executor to pay all costs of court.