## CRUZE v. LIFE INS. CO. OF VIRGINIA.†

### No. 16895.

Court of Appeal of Louisiana. Orleans.

Nov. 28, 1938.

*Rehearing denied Jan. 10, 1939.

† Rehearing denied 185 So. 492.

Herman L. Midlo, of New Orleans, for appellant.

Eugene J. McGivney and Solomon S. Goldman, both of New Orleans, for appellee.

McCALEB, Judge.

This suit was brought by the beneficiary of three certain policies of insurance issued by the defendant company on the life of Napoleon A. Karispee in which she claims that she is entitled to recover the face amount of the obligations totaling $750. She charges that, while the policies lapsed in the year 1928 by reason of the nonpayment of premiums, the reserves on them, which the defendant was required to accumulate in conformity with Act No. 193 of 1906, were sufficient to extend full coverage thereunder to the date of the insured's death in 1930.

The insurer admits the issuance of the policies and their lapse in 1928. It also concedes that, if the available reserves had been used for the purchase of extended insurance, as required by law, the net value of such reserves would have been sufficient to afford full protection to the assured from the date of the lapse to the date of his death. It resists liability, however, on two grounds, viz: that the action is barred by prescription and, in the alternative, that plaintiff is now estopped from asserting any claim on the policies since she has already received the sum of $82 in full accord and satisfaction of her rights.

In the district court there was judgment in favor of the defendant rejecting plaintiff's demand and dismissing her suit. Hence this appeal.

The controversy involves solely questions of law and the matter has been submitted on an agreed statement of facts.

It is stipulated in the policies that, after the required premiums have been paid for three full years from date of issuance, the company grants to the insured paid-up insurance for a lesser sum computed upon a table of paid-up values set forth in the contracts. After the insured's death in 1930, the defendant paid to the plaintiff the sum of $82 representing its liability in full under the policies, in accordance with the table of paid-up values contained therein. The plaintiff accepted the payment in full settlement of her rights under the belief that this was all she was entitled to either under the terms of the contracts or under the law.

In the year 1935, the Supreme Court of this State, in Succession of Watson v. Metropolitan Life Ins. Co., 183 La. 25, 162 So. 790, decided that stipulations in life insurance contracts with respect to paid-up insurance, such as those contained in the policies in suit, were violative of Act No. 193 of 1906 and that the assured under a lapsed policy was automatically entitled to extended insurance in the event he did not avail himself of any other option afforded by the statute subsequent to the lapse.

The insurance company in the case at bar concedes that, in view of the holding in the Watson Case, the plaintiff would ordinarily be entitled to recover. However, it maintains, that, the assured having died in 1930 and this action not having been brought until the year 1935, whatever rights she may have possessed have been barred by the prescription of one year which is stipulated in the policies in the following language:

"No suit shall be brought against the company after one year from the date of the death of the insured."

The plaintiff does not question the validity of the foregoing limitation upon the time her action shall be brought but she contends that the operation of this prescription has been suspended during the period elapsing from the date of the assured's death to the date on which she first became aware of her legal rights. This proposition is based upon the premise that the insurance company, in writing the policies in suit, violated the provisions of Act No. 193 of 1906, because it failed to denote in the contracts that they were issued in conformity with the terms of that statute. She insists that the defendant's violation of the Act has redounded to her detriment; that it has hindered her in obtaining knowledge of her legal rights and that it should be adjudged to be equivalent to an unlawful concealment by the defendant. In short, plaintiff invokes application of the legal maxim "contra non valentem agere nulla currit praescriptio" which means that prescription does not run against a person who is unable to act.

It is clear that, if the plaintiff is to avoid the running of prescription, it must be found that the operation of the limitation expressed in the policy was suspended from the date of the assured's death until the time she became advised of her rights.

Under the applicable articles of the Civil Code, namely, 3521 to 3527 inclusive,

which treat of the causes suspending the course of prescription, no exemptions are granted in favor of a creditor who is ignorant of the existence of his right. And Articles 3528 and 3530 declare, in substance, that the debtor is discharged by the mere silence of the creditor after the time fixed by law has elapsed and that it is not necessary that such debtor produce any title or hold in good faith but only that the neglect of the creditor be taken into consideration.

It would seem that a literal interpretation of the language of the Code precludes a consideration of the doctrine "contra non valentem" in this state. Be this as it may, the Supreme Court has many times recognized the underlying justice of the doctrine and has applied it on many occasions. The leading authority on this subject is the case of Hyman v. Hibernia Bank & Trust Co., 139 La. 411, 71 So. 598, where the Court discussed this question in detail and concluded that the doctrine may be invoked in this state, as a cause for suspending the course of prescription, in cases where the debtor has concealed the fact of the obligation or has committed other acts which tend to hinder, impede or prevent the creditor from ascertaining knowledge of the existence of the debt. See, also, Reardon et al. v. Dickinson et al., 156 La. 556, 100 So. 715; Bernstein v. Commercial Nat. Bank, 161 La. 38, 108 So. 117; Littlefield v. City of Shreveport, 148 La. 693, 694, 87 So. 714, 716; Arkansas Natural Gas Co. v. Sartor, 5 Cir., 78 F.2d 924, 928; and Succession of Kretzer, La.App., 170 So. 906 (reversed on other grounds by the Supreme Court in 187 La. 247, 174 So. 345).

■ Since the doctrine has, to the extent above pointed out, received the approbation of the courts of this state, we therefore consider whether, in the matter before us, the defendant's violation of the provisions of Act No. 193 of 1906 constituted a concealment from the plaintiff of the knowledge of the rights afforded her by that statute.

Counsel for the insurance company assert that it would be unfair to hold that its neglect to insert in the policies that they were written in accordance with the applicable statute, is tantamount to withholding information from plaintiff concerning the existence of her rights thereunder forasmuch as she, like all other persons, is charged with notice of all laws of the state. And counsel also submit that the company has at all times acted in good faith in its dealings with policyholders; that it did not attempt to take any wrongful advantage of the plaintiff but, on the contrary, it used the accumulated reserves of the policies for the purchase of paid-up insurance and that its belief that it had the right, under the Act of 1906, to apply the policy reserves for such purpose was neither arbitrary nor capricious notwithstanding that it was subsequently determined to be incorrect and unauthorized.

Section 1 of Act No. 193 of 1906 reads as follows:

"Every contract or policy of life or endowment insurance (other than a term policy for twenty years or less) issued on the life of a resident of this State by any corporation or association organized under the legal reserve laws of this State, or of any other state and delivered within this State, *shall,* after January first, nineteen hundred and seven, contain a stipulation that after three full annual premiums have been paid thereon it shall not lapse or become void or be forfeited for non-payment of any premium thereafter, or of any note therefore, or of any loan on such policy, or of any interest on such note or loan, *and that it is issued subject to the provisions of this act relating to non-forfeiture."* (Italics ours.)

It will be seen from the foregoing that the Act specifically requires that the insurance company notify the assured, by appropriate statement in the policy, that the contract is issued under the terms of the statute. It cannot be doubted that the Legislature, in enacting the statute, was aware of the fact that the promulgation of the law would not be sufficient notice to the general public of its existence and that, in reality, many prospective policyholders might never obtain knowledge of the benefits accorded thereunder. Hence, in order to be certain that such a consequence be avoided, it commanded the insurance companies (as the parties primarily affected by the Act) to inform all persons taking out policies after January 1, 1907, by suitable written stipulation, that certain rights under the contracts were to be governed by the Act.

■ Application of the legal maxims that "all are presumed to know the law" and that "ignorance of the law is no excuse" is not warranted under the particular circumstances here presented. These tenets, founded upon considerations of pub-

lic policy and necessity, should be adhered to in most instances. But for us to invoke their use in this matter would effectively destroy the intention expressed by the Legislature in the Act of 1906. We feel that we are entitled to assume that the lawmakers believed that the effective way of directing the attention of the public to the provisions of that law was to require that all insurance companies insert in the policies issued by them the fact that the contract is subject to the terms of the statute.

■ The fact that the defendant has, in good faith, misconstrued the provisions of Act No. 193 of 1906 cannot be pointed to as an excuse for its failure to obey the command of the statute. In truth, the erroneous interpretation of the Act by the insurer has (unconsciously) produced the effect of lulling the plaintiff into the belief that the paid-up insurance granted under the policies was all that the law permitted her to receive. If the defendant had followed the mandate of the Legislature by informing its policyholder that the contract was subject to the provisions of the statute, the latter and his beneficiary might have been placed on their guard and they would have, at least, been in a position to make an investigation of their rights.

■ Hence we hold that the insurance company's failure to insert in its policy that it was written in accordance with the provisions of Act No. 193 of 1906 had the legal effect of impeding plaintiff in obtaining knowledge of the existence of the right she now seeks to enforce; that the doctrine of "contra non valentem" is applicable and that the course of prescription was suspended during the period of time elapsing from the date of the insured's death until the date when plaintiff, for the first time, acquired knowledge of the fact that she was afforded a remedy other than that set forth in the policies. Since less than one year passed between the date on which she acquired knowledge of her rights and the filing of this suit, the action has been instituted in time. The plea of prescription of one year is therefore overruled.

In addition to the plea of prescription of one year, the defendant has filed a plea of limitation of two years as provided for in Act No. 68 of 1906. Without discussing the appositeness of that statute to the policies in suit, it suffices to say that the doctrine of "contra non valentem" applies with equal force to the prescription provided for therein. The plea is accordingly overruled.

■ Finally, we direct our attention to the defendant's plea that the plaintiff is estopped from prosecuting this suit in view of the fact that she has released it from all liability under the policies in consideration of the $82.00 payment. In substantiation of this point, reliance is placed upon the Supreme Court's decision in Berger v. Quintero, 170 La. 37, 127 So. 356, and in our opinion in the case of Davis-Wood Lumber Co. v. Farnsworth & Co., 171 So. 622, 625. In the last cited matter, we discussed many of the pertinent authorities, with respect to compromises under our law and accord and satisfaction under the common law, and following the Berger Case, supra, we held that, while the settlement was insufficient to establish a compromise under the articles of the Civil Code, it was nevertheless valid as an accord and satisfaction.

It seems too plain for extended discussion that, in the case at bar, the settlement stressed by the defendant cannot be viewed as a compromise. At the time the release was given by the plaintiff, there was no dispute existing between the parties. The rights of the plaintiff were set forth in the policies. She was not then aware that she was entitled to the remedy she now seeks to enforce. The defendant gave no more and no less than it contracted for.

■ Defendant's counsel nevertheless assert that, even though there was no dispute between the parties and no consideration given for the release, the company is exonerated from further responsibility because the payment made by it constitutes accord and satisfaction. In the Davis-Wood Case, supra, we found that, in order for accord and satisfaction to exist, there must be (1) an unliquidated or a disputed claim; (2) a tender by the debtor; (3) an acceptance of the tender by the creditor. It is our opinion that the first requirement for the maintenance of the plea is absent in this case. We have already shown that the claim was not a disputed one and we are likewise convinced that plaintiff's rights under the contracts were liquidated. The policies provided that, in case of lapse, the insurer would grant, without any action on the part of the insured, paid-up insurance computed in accordance with a table of values set forth therein. These tables show the exact amount per hundred dollars of

740

insurance which will be allowed upon the lapse of the policies. By the use of simple arithmetic the total sum due on any policy may be easily computed. Plaintiff's rights under the policies were fixed and certain and she is not now estopped from claiming the sum to which she is entitled under the law.

For the reasons assigned, the judgment appealed from is annulled, avoided and reversed and it is now ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Mrs. Mary Cruze, and against the defendant, Life Insurance Company of Virginia, in the full sum of $668 with interest thereon at the rate of 6% per annum from November 4, 1930, until paid, and all costs.

Reversed.