LEMMON, Judge.
This is an appeal from a judgment maintaining an exception of prescription as to a portion of a claim for surgical services.
On May 29, 1967 Robert S. Cousins consulted Dr. James W. Burks for treatment of male pattern baldness. After an examination Dr. Burks estimated that approximately 300 transplants would be necessary to remedy the cosmetic defect. Cousins was informed that the total cost of the treatment would be approximately $1,500.-00, calculated on the basis of $5.00 per transplant. Customarily, the cost of each transplant was payable at the time of surgery, but because Cousins was a school teacher and also was a friend of Dr. Burks’ associate, it was agreed at this first consultation that installment payments would be accepted “beginning when school starts.”
On the basis of this agreement Dr. Burks performed 23 transplants on May 31, 1967. The treatment continued through July 26, 1967, at which time a total of 390 transplants had been performed. Cousins did not return for any further transplants, and the treatment was therefore never completed.
Suit was filed on July 8, 1970. Cousins filed an exception and alleged that the claim for services performed prior to July 8, 1967 had prescribed in accordance with C.C. art. 3538.[1] The trial court maintained the exception of prescription and dismissed that portion of the suit.
On appeal, Dr. Burks contends that the treatment of male pattern baldness is one continuous procedure consisting of a series of hair transplants, followed by cleaning and removal of crust. Since the $5.00 per transplant charge is only a method of calculating the cost of the entire procedure, and no charge is assigned for visits involving only cleaning or removal of crusts, it is contended that prescription did not begin to run until the procedure was completed or until completion was rendered impossible by Cousins’ failure to return for treatment after July 26, 1967.
On the other hand, Cousins contends that prescription started running from the date of each treatment. He argues that there was no contract for one continuous procedure, since neither party was bound to perform or receive a definite amount of treatments.
Regardless of which contention we would adopt regarding the type of contract, the resolution of the prescription problem turns on a determination of the time that payment was due. According to the office records and the uncontradicted testimony of Dr. Burks, the parties agreed from the inception that the surgical fees would not be payable until the beginning of the school term in September. Until that time Dr. Burks could not have brought suit to collect the surgical fees, and any attempt to do so would have been premature. It is axiomatic that prescription cannot begin to run on an obligation until the obligation is due and owing. Succession of Kretzer, 187 La. 247, 174 So. 345 (1937).
In this case prescription commenced in September, 1967, when the surgical fee became due and payable in accordance with the original agreement between the parties. Since suit was filed within three years from the date prescription commenced, the exception must be overruled.
For these reasons, the judgment of the trial court is reversed, the exception of prescription is overruled, and the case is remanded for further proceedings. The costs of this appeal are assessed to the defendant-appellee.
Reversed and remanded.

. C.C. art. 3538 reads in pertinent part: “The following actions are prescribed by three years:

That of physicians, surgeons and apothecaries for visits, operations and medicines.”