PROVOSTY, J.
Plaintiff sues in. damages for the value of two of his mules, alleged to have been negligently run over and killed by a locomotive of the defendant company. One of the mules died immediately. The other survived two months. Both the district court and the Court of Appeal found defendant responsible, and fixed the value of the mules at $300, or $150 apiece. The suit was filed more than one year after the accident, but less than one year after the death of the mule which survived. Defendant pleaded the prescription of one year, and both courts sustained it as to the first mule, and overruled it as to' the second. Only the latter ruling is here for review.
The facts are that the mule died as a result of the accident, but that the serious nature of his injuries was not known until revealed by his death. I-Ie was not even lamed, although he manifested a disinclination or disability to move faster than in a walk. He was struck on the hip, receiving a wound supposed to be a mere flesh wound. He was treated for a few days for this wound, and was then led to pasture, two miles away, and there left to get well. Instead of getting well, he died. The question is as to whether the prescription runs from the time of the accident, or only from the death of the mule.
Article 3537, Civ. Code, provides that the prescription “runs from the day the damages were sustained.” In the cases of Mestier v. Railroad Co., 16 La. Ann. 354, De Lizardi v. N. O. Banking Co., 25 La. Ann. 416, Hotard v. Railroad Co., 36 La. Ann. 450, Heath v. Railroad Co., 37 La. Ann. 728, and numerous others to be found in our Reports, it was held that the prescription runs from the day the damages were sustained, not. from the day of the wrongful act. The reason is that, in order that there should be a cause of action for damages ex delicto, two things must concur: First, a wrongful act; and, secondly, a loss or prejudice resulting from the wrongful act. The wrongful act itself does not suffice. It must be followed by a loss or prejudice. It is the combination of the two which gives rise to the cause of action ; and as the damage cannot precede, but must needs come after, the wrongful act, the prescription runs from it, and not from the wrongful act. And, of course, until a cause of action has come into existence, prescription cannot run on it. Laurent, vol. 32, No. 20; Hernandez v. Montgomery, 2 Mart. (N. S.) 422, 433; Gueno v. Soumastre, 1 La. Ann. 44.
Defendant’s learned counsel argue that in the instant case the damage must be considered to have been sustained at the time of the accident, because the mule never recovered, but from that time was of no value. The answer is that, while the damage was, as a matter of fact, sustained at that time, for the value of the mules was totally destroyed from that moment, it was not sustained, as a matter of law, until the death of the mule, because the fact of its having been sustained was not until then susceptible of ascertainment. In law, things which are *545 not susceptible of ascertainment are considered as not existing. “De non apparentibus et non existentibus eadem est ratio.” Until by the death of the mule- the damage had been revealed, or, to use the legal term, had been made certain, plaintiff had no cause of action' for it. Until then, it was at best uncertain, contingent, speculative; and nothing is better settled in the law of damages than that a damage of that character does not give rise to a cause of action. 8 A. & E. E. of L, 608, and Louisiana decisions there cited.
A damage can be considered to have been sustained, within the meaning of article 3537, supra, only when it has manifested itself with sufficient certainty to be susceptible of proof in a court of justice.
“Although the action has accrued (soit ouverte), so long as it cannot be usefully prosecuted, prescription does not run. The reason is that prescription is founded on the negligence of the creditor; and a creditor cannot be held to have been negligent in bringing his suit, so long as it was not possible for him to bring it usefully.” Pothier, Prescription, No. 37.
Had plaintiff brought this suit before the death of the mule, a complete defense would have been that, for all that was known, the mule was as valuable as ever, barring the flesh wound, which would, doubtless, soon be healed. Until the fatal nature of the mule’s injury revealed itself, therefore, plaintiff had no cause of action, and prescription did not run.
That a damage thus hidden, or not developed, does not in legal contemplation exist, finds abundant illustration in the numerous cases in France where parties, after having recovered in a first suit the damages then known to have been suffered from the tort, were permitted to recover in a second suit the damages subsequently appearing, whose existence could not be known at the time of the first suit.. See Carpentier and Du Saint, Repertoire de Juris. Vo. Chose Jugee, Nos. 439, 440, 442; Vo. Chemin de Fer, Nos. 4315, 4316, from which we translate as follows:
“The rule by which a cause subsequent to the judgment justifies a new suit has given occasion to a number of interesting decisions in" the matter of damages. Thus it has been decided that a person who has obtained damages for wounds caused by an accident, can thereafter demand damages because of the aggravation of the effects of the same accident [citing a number .of decisions]. Two suits for damages caused by the same tort will at times present but one and the same question for decision, and at times will present two different questions. At first blush, the two suits would appear to be always founded upon the same cause, the tort; but it is entirely possible that they should be founded upon two different causes. The cause of the right to damages does not consist alone in the wrongful act with which the defendant is charged, but also in the loss or prejudice which has resulted from the act. The reunion of these two circumstances is necessary in order that there should be an offense or quasi offense. Now the aggravation of the prejudice is a new circumstance or event, which constitutes a new cause such as may serve as the basis for a second suit. However it has to be considered whether, in estimating the damages in the first suit, the court has not taken into consideration this possible aggravation and fixed the damages accordingly.”
Prom the note to the decision of the Court of Cassation in the case of Chemin de Per’ du Midi c. Paraire, Journal du Palais, 1877, p. 281, we translate as follows:
“The rule to which we have just referred must be judiciously applied. Due care must be taken not to confound the future and uncertain prejudice which cannot serve as the basis for judgment, and the damage which, although destined to be suffered only in the future, does none the less exhibit in the present a degree of certainty and actuality which justifies its being made the basis of judgment.”
In other words, in order that prescription should run, it is not required that the loss should have been already suffered, but only that the fact that it is going to be suffered, or is. sure to result, should be sufficiently certain to serve as a basis for a claim of damages in court.
There is nothing contrary to this in the case of Griffin v. Drainage Co., 110 La. 840, 34 South. 799. The point there decided was that, where the injury to a house from an *547 excavation close to its foundation is gradual, prescription is not suspended by the continuousness of the injury, but runs on the damages as they occur.
The uncertainty which precludes the coming into existence of a cause of action for damages, and which therefore prevents prescription from beginning to run, must not be confounded with the inability of the plaintiff to procure the necessary evidence for establishing’ in court a cause of action known to exist. This is illustrated by the case of Brown v. Clingman, 47 La. Ann. 26, 16 South. 564, where plaintiff knew that defendant was the incendiary who had set fire to his hotel, but could not prove it, and waited to bring his suit until he could secure the necessary evidence for making the proof, and the court sustained the prescription. If, in that case, the identity of the incendiary had been unknown, the prescription could not have run, for the bringing of the suit would have been impossible. In Cox v. Von Ahlefeldt, 105 La. 543, at bottom of page 560, 30 South. 175, the court alludes to a case where prescription was held not to run in favor of one who avoided citation by concealment. In the same decision, numerous cases are cited where the principle “contra non valentem agere non currit prescriptio” was applied.
A few days after the accident, plaintiff presented to the defendant company a claim of $150 for the mule that had been killed and of $25 for the injured mule. Plaintiff testifies that the $25 was claimed as the amount of his loss “in case he could save the mule.” By this we understand that the $25 thus claimed was to be merely for the expense of taking care of the mule and for the loss of his use during the time which it was thought would be required for him to get well. This claim was thus presented more than one year before the present suit; and hence the question arises whether the present demand of the plaintiff is not to be considered as prescribed to the extent at least of the said $25, since plaintiff must be considered to have known at that time that he had suffered these damages.
The answer to that question depends upon whether the said $25 then claimed are .to be considered as forming any part of the $150 now claimed. We think not. The damages suffered by plaintiff are found, when itemized, to have consisted in, first, the value of the animal; secondly, the expenses incurred in taking care of it; and, thirdly, the loss of its services during its illness. Plaintiff had the right to recover the entire amount of each of these items of damages. The $25 was for the two latter items. These two items are prescribed; but the item for the value of the mule did not come into existence until the death of the mule, and prescription did not commence to run on it until then, as has already been shown. ■
That the expenses incurred by plaintiff in taking care of the mule were recoverable in addition to the value of the mule is clear. Plaintiff was in duty bound to try to minimize the damages by having the mule well taken care of, and unless the expenses thereby entailed were allowed him in addition to the value of the mule he would not be made whole. The law on this point seems to be well settled. 13 Oye. 61.
In like manner plaintiff would not be made whole unless, in addition to being given the value of the mule and the expenses' incurred in taking care of it, he was indemnified for the loss of the use of the mule during the two m.onths of its illness. Had the mule not been injured, plaintiff would have had its use during that time, and would also have had the mule. Had the mule been killed outright, and its value paid, plaintiff could have procured with the money another mule just as good and had its use during that time. Had the mule been returned to plaintiff as good as ever at the end of the two months, *549 plaintiff would still have had the right to claim damages for the loss of its use during the two months. The payment of the value of the mule at the end of these two months, instead of the mule itself being returned, still leaves plaintiff a loser to the extent of the value of the use of the mule during the two months.
Judgment affirmed.