No. 3569

Second Circuit

## LUKE v. CADDO TRANSFER & WAREHOUSE CO.

(July 1, 1929. Opinion and Decree.)
(November 18, 1929. Opinion and Decree on Rehearing.)
(December 2, 1929. Writ of Certiorari and Review Refused by Supreme Court.)

R. G. Chandler and R. D. Fuller, of Shreveport, attorneys for plaintiff, appellee.

Barksdale, Bullock, Warren, Clark & Van Hook of Shreveport, attorneys for defendant, appellant.

WEBB, J. This is an action in damages for personal injuries alleged to have been sustained by plaintiff as the result of defendant's fault.

Plaintiff alleged, in substance, that, while he was lawfully riding on a truck owned and being operated by defendant, the driver of the truck had driven it against a brick post supporting a building, demolishing the post and causing a part of the building to collapse, and that the brick and debris from the building fell upon him, resulting in fracturing the sixth and seventh ribs on his left side and the transverse process on the left side of the lumbar spine with a displacement of same, and that as a result of the injuries he had been confined to his bed for ninety days, and that he had been seriously and permanently disabled to do any work; and he prayed for judgment against defendant in the sum of $7,044.50, which was itemized as follows: sanitarium bills, $39.50; physicians' fees, $125; loss of time, $480; physical pain and suffering, $1500; loss of earning power, $3500; and mental pain and suffering, $1500.

Defendant filed a plea of prescription of one year, and plaintiff admitted that the suit had been brought one day after the expiration of one year from the date of the accident and injury.

However, the plea was referred to the merits, and defendant answered, pleading that the petition failed to state a cause of action and again pleading prescription, as above, and otherwise denying plaintiff's allegations. And the case being tried and submitted, judgment was rendered in favor of plaintiff for $1500, and defendant appealed.

The stenographic notes of the evidence introduced on trial of the case, or on which it was submitted, were lost or misplaced, as appears from an agreement of counsel in the record which reads as follows:

"This cause was tried in part on the evidence in the case of Hollingsworth B. Barrett versus Caddo Transfer & Warehouse Co., and the note of evidence has been misplaced. The District Court rendered judgment for $1500.00 and there is no contention as to the amount of the judgment if defendant is liable at all. The case is brought to this court solely on the plea of prescription of one year, which was overruled or referred to the merits by the District Judge; and this note of evidence being unnecessary to determine this point, it is agreed between counsel for plaintiff and counsel for defendant that the transcript be filed and the case considered by the court without this note of evidence."

Counsel, in presenting the cause, have considered only the plea of prescription. It is evident, however that the appeal having been taken after trial on the merits, that the appeal was from the entire judgment and not merely from any ruling that the court may have made on the plea of prescription; and the appeal being thus taken, it was essential, we think, that the stenographic notes of the evidence should have been brought up with the record, or that a statement of the facts should have been made (Parish of St. Martin vs. Baker, 30 La. Ann. 1092).

However, if it could be said that the cause could be brought up on appeal, where the cause has been tried and considered on the merits, solely for the purpose of determining the correctness of a ruling on an exception or plea which had been referred to the merits without objection, we think it would be essential that there should be a statement of the facts relevant to the exception or plea, as it cannot be said that the court may determine whether a plea should or should not be sustained without considering the facts relevant to the plea.

There is not any such statement in the record. Neither is there an agreement that the court should accept the allegations of fact contained in the petition, insofar as relevant to the plea, as true and inclusive, or whether the allegations should be thus considered, except as changed by the admission that the suit was brought one day after the expiration of one year from the date of the accident and injury, and under the circumstances we must decline to consider the case, and it is therefore ordered that the appeal be dismissed.

---

## ON REHEARING

ODOM, J. The facts in this case were fully stated in our original opinion. We granted a rehearing upon the application of appellant, concurred in by counsel for appellee. Along with the application for rehearing, the parties filed two joint stipulations, to-wit:

1. "Both parties in this case agree that the allegations of plaintiff's original and supplemental petitions are true and correct and may be considered by the Court in deciding this case on appeal. It is, however, understood that the date of the accident in this case occurred on January 30, 1923, and that the date of January 31, 1923, alleged in plaintiff's petition is incorrect in that particular instance."

2. "In this cause, it is agreed by and between counsel for plaintiff and counsel for defendant that in the stipulation heretofore filed herein it was understood that for the purposes of the plea of prescription filed in this suit, the allegations of the petition should be taken as proved, or taken as true, that it is desired by both plaintiff and defendant that the plea of prescription be passed on and it is now specially agreed that for the purposes of said plea of prescription and the consideration thereof by the court, all the allegations of plaintiff's petition be taken as true."

Under Article 3536 of the Civil Code, tort actions are prescribed by one year, and under Article 3537, the prescription runs from the date on which the damage was sustained.

Citation of authorities is unnecessary now to support the legal proposition that, as to tort actions, prescription begins to run from the date on which the damage was sustained and not from the date on which the wrongful act was done. The wrongful act complained of in this case was done on January 30, 1923, and the suit was filed on January 31, 1924—more than one year later. So that, if the allegations of plaintiff's petition which, under the stipulations filed, we are to take as true or proved, show that the damage for which he seeks redress was sustained on January 30, 1923, the date of the accident, his action is barred and plaintiff's plea of prescription of one year must be sustained.

Plaintiff brings this suit to recover damages for personal injuries. He alleges that one of defendant's truck drivers invited him to ride on the truck to a certain place in the city of Shreveport and that while on the way the truck driver negligently drove the truck against and knocked down a post which supported part of a brick structure, and that "the said post and said bricks of the brick building were dislodged, the bricks completely covered up your petitioner with such force that he was seriously and permanently injured and the said driver was instantly killed. * * * That at the time of the accident and due to the accident, petitioner's sixth and seventh ribs in the axillary were fractured on the left side, also a fracture of all the transverse processes on the left side of the lumbar spine, with displacement of same * * *. That as a result of said in-

juries, petitioner was confined to his bed for ninety days and to this day is unable to attend or do any kind of work, nor will he ever be able to do any kind of manual work, the only kind of work that your petitioner is competent to do or has ever done. That due to the accident and the injuries at the time, your petitioner will forever be permanently disabled to perform any manual labor or to do any kind of heavy work whatsoever."

These allegations make it clear that plaintiff was damaged the moment the brick post and wall fell upon him. He was instantly injured and instantly damaged. He alleges that due to the accident and injuries "at the time" he is disabled; "that at the time of the accident and due to the accident his ribs were broken and all the transverse processes on one side of his spinal column were fractured and displaced, and that as a result, he was confined to his bed and was permanently disabled." He sues to recover damages resulting from these injuries. Under his allegations, it is clear that his injuries instantly disabled him. When the brick wall fell upon him, he was injured and instantly damaged and his cause of action arose the moment he was damaged. The falling of the bricks upon him crushed his body and produced personal injuries. These injuries instantly produced a condition from which all the damages which he claims arose. His cause of action arose then. In tort actions prescription begins to run from the moment the cause of action arises and the cause of action arises, as already stated, when the damage is done.

But counsel for plaintiff argue that his cause of action did not arise until such time as he could determine definitely the result of his injuries. He suggests, for instance, that he could not know on the day

he was injured how long he would be disabled, how long he would suffer, how long he would be confined in the hospital and what expenses would be incurred until later, and that he could not fix the amount of his claim as a basis for his suit until the time had elapsed and such expenses had been incurred. The answer to that argument is that his petition shows that he was confined to his bed for only ninety days, during which time he could, of course, do no work and was attended by a physician, had endured pain and suffering—for all of which he claims damages. At the end of that time, he could have definitely determined at least a portion of his damages, as well as later. After he was released from the hospital he then had nine months in which to file his suit, and he suggests no reason why he could not have filed it within that time. Plaintiff further suggests that neither he nor anyone else could know that his injuries would not cause his death. But this is an action for damages caused by personal injuries. If he had died, then his children or surviving spouse or his father, mother, etc., would have had a cause of action for damages caused by his death "for a space of one year from the death," under Article 2315 of the Code. But this is a personal injury suit brought by the party injured to recover damages for pain and suffering, loss of time, expenses and loss of earning power—all caused by the injuries sustained, according to his petition, at. the time the unlawful, wrongful act was committed.

In support of his contention that prescription did not begin to run on the date of the accident, counsel cite the leading cases of Guderian vs. Sterling Sugar & Ry. Co., Ltd., 151 La. 59, 91 South. 546; Rady vs. Fire Insurance Patrol of New Orleans, 126 La. 273, 52 South. 491, and

Jones vs. Texas & Pacific Ry. Co., 125 La. 542, 51 South. 582, 136 Am. St. Rep. 339.

These cases do not support his contention. In the case of Guderian vs. Sterling Sugar & Ry. Co., Ltd., plaintiff brought his suit under the Workmen's Compensation Act for total disability on account of the loss of an eye which, due to the fact that he had previously lost the other one, rendered him totally blind and therefore totally disabled from doing work of a reasonable character. The loss of the eye resulted from a blow which at first produced no injurious effects upon it, but later caused its loss. Plaintiff instituted his suit more than one year after the date on which the blow was struck, but less than a year from the date of the loss of the eye. Defendant pleaded the prescription of one year, under Section 31 of the Compensation Act which provides that in case of personal injury all claims shall be forever barred unless within one year after the injury or death the parties shall have agreed upon the payments to be made or proceedings have been begun. The Court overruled the plea, but said:

"The injury consists in the loss of an eye * * *. Plaintiff's cause of action did not arise until he lost his eye. It is self-evident that one cannot sue until his cause of action arises. * * * He had no cause of action at that time (referring to the blow) under the Employer's Liability Act. His cause of action was in process of development, but without knowledge of this fact on his part or means of knowledge."

In the case of Rady vs. Fire Insurance Patrol of New Orleans, supra, a mother sued for damages for the death of her son, and the court held that prescription ran from the date of the child's death, and not from the date of the injury. That is necessarily true because the mother's cause

of action was the damages which she sustained on account of the death of her son. She was not damaged until the son died, and therefore had no cause of action until that time.

In the case of Jones vs. Texas & Pacific Ry. Co., supra, the plaintiff brought suit for damages for the value of a mule which died as the result of injuries inflicted by one of defendant's trains, and also for $25, consisting of his expense in treating the mule while injured and for the loss of the use of the animal. The court held that the former items were barred by prescription because the suit was instituted more than a year from the date of the injury to the mule, but that the item for the value of the mule was not prescribed because the suit was instituted less than a year from the date on which the mule died. As to the item for the value of the mule, the court held that the cause of action did not arise until the mule died and prescription did not begin to run until then. The facts were that the mule was only slightly injured by the accident and "the serious nature of his injuries was not known until revealed by his death. He was not even lamed, although he revealed a disinclination or disability to move faster than a walk. He was struck on the hip, receiving a wound supposed to be a mere flesh wound." The mule was turned loose to get well, but instead, it died as the result of the injury. The question presented was whether prescription ran from the date of the accident or from the death of the mule, and the court held that it ran from the latter date.

This case, in principle, is similar to that of Guderian vs. Sterling Sugar & Ry. Co., Ltd., supra, in two respects, and the court's ruling is the same in each case. In the Guderian case, the injury consisted in the loss of an eye, not in the slight blow which caused the loss; and in the Jones case, the loss and damage to plaintiff was the value of the mule, caused by its death. In the former case the cause of action did not arise until the loss of the eye, and in the latter, until the death of the mule. In each case, the cause of action was in process of development from the date of the accident up to the happening of the event which caused the loss, but without knowledge of the fact or means of knowledge on the part of the plaintiffs.

The Jones case is relied upon mainly by counsel for plaintiff. But it is easily distinguishable in principle from the case at bar. In that case, as stated, the damage sustained by plaintiff was the value of the mule, and until its death, the measure of damage was not known, and therefore, plaintiff had no cause of action for it. The cause of action was in process of development from the date on which the mule was injured and came into existence only at its death.

In the case at bar, plaintiff's cause of action was never in process of development. He was crushed, his ribs were broken, and the processes of his spinal column were broken and displaced when a portion of a brick wall fell upon him. He was instantly injured, disabled, took his bed, lost time and incurred expenses, and thereby suffered loss and damage which resulted directly from the injuries received at the moment the unlawful, wrongful act was done.

It is true that the damage resulting from the injuries was destined to be suffered in the future; nevertheless, those injuries exhibited a present degree of certainty which justified their being made the basis of a judgment. The nature and extent of the injuries were known immediately and

were such as to make it sure that plaintiff would suffer loss and damage therefrom.

The organ of the court in the Jones case made the following translation from the note to the decision of the Court of Cassation in the case of Chemin de Fer du Midi c. Paraire, Journal du Palais, 1877, page 281:

"The rule to which we have just referred must be judiciously applied. Due care must be taken not to confound the future and uncertain prejudice which cannot serve as the basis for judgment, and the damage which, although destined to be suffered only in the future, does none the less exhibit in the present a degree of certainty and actuality which justifies its being made the basis of judgment."

And then, to sum up the whole matter, he said:

"In other words, in order that prescription should run, it is not required that the loss should have been already suffered, but only that the fact that it is going to be suffered, or is sure to result, should be sufficiently certain to serve as a basis for a claim of damages in court."

A careful consideration of the Jones case shows that, instead of supporting plaintiff's contentions, it refutes them.

In the first place, the court specifically held that in order for prescription to run, it is not necessary that the loss should have been suffered already, "but only that the fact that it is going to be suffered or is sure to result, should be sufficiently certain to serve as a basis for a claim for damages in Court."

Again, it will be noted that the plaintiff in that case sued upon a claim for three items of damage, to-wit: first, the value of the mule; second, the expense incurred in taking care of it; and third, for the loss of its service during its illness. The court held that plaintiff had a right to recover the entire amount of each item, but that the items for expense incurred in taking care of the mule and for the loss of its use had prescribed, and said:

"But the item for the value of the mule did not come into existence until the death of the mule and prescription did not commence to run on it until then, as has already been shown."

It is manifest that if prescription began to run as against the claims for treating the mule and for the loss of its use on the date the mule was injured (and the court held it did), then prescription began to run against the claim of plaintiff in the present case from the date of his injury.

The lower court should have sustained the plea of prescription.

For the reasons assigned, it is now ordered and decreed that the judgment appealed from be reversed; that defendant's plea of prescription of one year be sustained; and plaintiff's suit dismissed at his costs in both courts.