No. 3489

Second Circuit

BOLDEN v. LA. RY. & NAV. CO.

(February 26, 1931. Opinion and Decree.)

Phanor Breazeale, of Natchitoches, attorney for plaintiff, appellee.

Rusca & Cunningham, of Natchitoches, attorneys for defendant, appellant.

McGREGOR, J.   Plaintiff sues in this case for the value of a mule killed by defendant's passenger train, as well as for the loss of the use of the mule from the time it was killed until the time judgment should be paid. $175 was claimed for the value of the mule and $5 per month was claimed for the loss of the use of the mule, and legal interest was claimed from the date of the killing of the mule, or May 29, 1928.

Upon trial in the lower court there was judgment in favor of the plaintiff for $100 for the value of the mule, with 5 per cent interest from May 29, 1928, the date of the killing of the mule by the defendant and damages for the loss of the use of the mule was rejected.

Defendant appealed and plaintiff has answered the appeal and asks that the judgment be raised to $125 for the value of the mule and that there be judgment also for two months' loss of the use of the mule, valued at $5 per month. Defendant asks that the judgment be reversed, and that if it be not reversed in its entirety then that interest be allowed from judicial demand instead of from the date of the accident.

We find no manifest error in the findings of fact by the trial judge.   Plaintiff urges us to consider his claim for damages for the loss of the use of the mule and for authority cites us to the case of Jones v. T. & P. Ry. Co., 125 La. 542, 51 So. 582, 136 Am. Rep. 339.   In that case the mule lived some time after the accident and it was held that in cases of that kind damages can be recovered for the loss of the use of the mule from the date of the accident to the date of the death.   But the case practically holds that where an animal is killed outright no recovery can be had for the loss of its use.   In that case it is held that the value of the animal at the time of the accident is the measure of damages which may be recovered.   Our attention is also called to the fact that under Act No. 206 of 1916 interest should be allowed from judicial demand instead of from the date of the accident. This act reads as follows:

"Be it enacted, by the General Assembly of the State of Louisiana, that legal interest shall, hereafter attach from date of judicial demand, on all judgments, sounding in damages, 'ex delicto,' which may be rendered by any of the courts in this State."

For the reasons assigned the judgment appealed from is amended so as to bear interest from judicial demand instead of from May 29, 1928, and as thus amended the judgment is affirmed, the defendant to pay the costs of the lower court and the plaintiff to pay the costs of appeal.