198 So.2d 560 (1967)
Charles Murray LUCAS
v.
COMMERCIAL UNION INSURANCE COMPANY et al.
No. 7034.
Court of Appeal of Louisiana, First Circuit.
April 17, 1967.
*561 Ben E. Atkins, Wilbur D. Atkins, Jr., Baton Rouge, for appellant.
James E. Moore, of Franklin & Keogh, Baton Rouge, for appellees.
Before LANDRY, ELLIS and BAILES, JJ.
LANDRY, Judge.
Plaintiff has taken this appeal from the judgment of the trial court rejecting and dismissing his action ex delicto against defendants, Kansas City Southern Railway Company (Kansas City), Commercial Union Insurance Company (Commercial), and Coy Dexter Booth (Booth), in solido, on said defendants' exceptions of prescription of one year based on the face of the pleadings which show plaintiff's action was instituted more than one year subsequent to the date of the alleged wrongful act. We find that the trial court improperly sustained defendants' exceptions on the face of the pleadings and that this matter must be *562 remanded to the lower court for trial of defendants' exceptions on the merits.
Appellant's suit was filed June 2, 1966, praying for damages for personal injuries purportedly sustained in an automobile accident which assertedly occurred at approximately 4:30 P.M., May 28, 1965, on U. S. Highway 190 in Pointe Coupee Parish. For a cause of action plaintiff alleges he was operating a 1962 model pickup truck which was struck by a 1964 Ford Station Wagon owned by defendant Kansas City, insured by respondent, Commercial, and being driven by defendant Booth, the employee of Kansas City acting within the course and during the scope of his said employment.
Plaintiff's initial petition asserts he was unaware of having received any injuries in the accident until June 2, 1965, on which date he contacted a physician for a routine check up and was then advised he had sustained a right thoracic outlet syndrome resulting from neck and muscle injuries caused by the accident.
Defendants excepted to plaintiff's petition as being prescribed on its face whereupon petitioner supplemented his complaint as follows:

"10.
Upon going to a physician for a routine check up on June 2, 1965, plaintiff discovered that he had been caused to suffer a sore tender neck, numbness in the right thumb and slight stiffness in the lumbosacral area, as a result of the accident. These symptoms lasted for about a month. Soon after this pain had disappeared, petitioner suffered severe thoracic pains, and went to see Dr. Richard W. Ernst, cardiovascular and thoracic surgeon in Fort Worth, Texas, and there underwent an operation for the relief of a right thoracic outlet syndrome. Plaintiff had no idea that he had any thoracic injury until three or four months after the accident. According to the medical reports of Dr. Ernst, the right thoracic outlet syndrome was proximately caused by the original injuries sustained as a result of the May 28, 1965 accident, and that, as a matter of fact, a thoracic outlet syndrome can not be brought on as such, by a car accident resulting in a neck or shoulder injury, but that such syndrome was brought about as a result of prolonged convalescence and diminished exercise of the muscles in the shoulder and the neck. This is especially true in the case of such persons as the plaintiff, who was quite athletic and muscular prior to the accident, and then subject to inactivity following the injury."
The exceptions of prescription were tried by the court below on the face of the pleadings as thus constituted and judgment rendered in favor of defendants sustaining said exceptions.
In contending his action has not prescribed appellant relies upon the provisions of LSA-C.C. Articles 3536 and 3537, the pertinent portions of which read as follows:
"Art. 3536. The following actions are also prescribed by one year:
That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses.
* * * * * *
"Art. 3537. The prescription mentioned in the preceding article runs:
With respect to the merchandise injured or not delivered from the day of the arrival of the vessel, or that on which she ought to have arrived.
And in the other cases from that on which the injurious words, disturbance or damage were sustained.
And where land, timber or property has been injured, cut, damaged or destroyed *563 from the date knowledge of such damage is received by the owner thereof."
The substance of appellant's argument is that the prescriptive period of one year provided by the foregoing codal authority commences, as regards actions for personal injuries, on the day the injury is sustained. On authority of Jones v. Texas & P. Ry. Co., 125 La. 542, 51 So. 582, appellant argues the word "sustained" as used in the applicable codal provision hereinabove cited, means the day on which the damage complained of is discovered, which day may be subsequent to the day of the wrongful act which gives rise to the damages. Appellant also cites and relies upon Perrin v. Rodriguez, et al., La.App., 153 So. 555, and McLaughlin v. Western Union Telegraph Company, 5 Cir., 17 F.2d 574, in support of the contention that prescription does not begin to run on an action in tort until the injured party becomes aware of his injuries.
Defendants maintain, however, the prescription provided by the applicable codal articles runs from the date on which the damage is inflicted, which means the date of the accident, citing as authority therefor Marquette Casualty Company v. Brown, 235 La. 245, 103 So.2d 269, and Brown v. Crown Zellerbach Co., La.App., 112 So.2d 150. In addition defendants argue prescription commences to run on an action of this nature when there exists circumstances sufficient to put the injured party on notice enough to excite his attention and put him on inquiry which would reasonably lead to knowledge of his claim, as held in Schouest v. Texas Crude Oil Co., La.App., 141 So.2d 155. On this latter premise defendants maintain plaintiff's allegations in effect show that he was aware of his injuries from the date of the accident in question and that plaintiff did not need to consult a physician to be told that his neck was hurting or that he experienced other pain or discomfort.
The issue thus presented is one that has long perplexed the courts and has led to the adoption of the general rule that an action ex delicto prescribed one year from the date the injury is "sustained", that is, the date the damage is "inflicted", which in most instances is the date of the wrongful act. Marquette Casualty Company v. Brown, 235 La. 245, 103 So.2d 269.
It is now well settled that the foregoing general rule is subject to certain equally well established exceptions. In cases where reparations are sought for trespass upon or damage to real property, the action for recovery may be instituted within one year from the date the injured party acquires knowledge of the damage instead of one year from the omission of the tortuous act. Young v. International Paper Co., 179 La. 803, 155 So. 231. An owner suing for damage to personal property may file suit within one year of the date the loss occurs or becomes known notwithstanding such date may be more than one year subsequent to the date of the tort. Jones v. Texas & P. Ry. Co., 125 La. 542, 51 So. 582. Where knowledge of the tort and damage is kept from the victim by the tort-feasor, prescription does not commence until the aggrieved party becomes cognizant of the damage. Perrin v. Rodriguez, et al., La.App., 153 So. 555.
With respect to actions for recovery for personal injuries, when the injury is immediately apparent, that is, when evidence or symptoms thereof are manifest simultaneously with the occurrence of the tort, no problem is encountered in determining the commencement date of prescription. In such instances prescription commences as of the date of the wrongful act. Marquette Casualty Company v. Brown, supra. Even though the full extent of the damage or loss may not be immediately ascertainable, nevertheless, if the aggrieved party is aware of claim resulting from the tortuous conduct, the entire claim, including that for damages not then determinable, *564 prescribes in one year from the date of commission of the wrong. Marquette Casualty Company v. Brown, supra; Luke v. Caddo Transfer & Warehouse Co., 11 La.App. 657, 123 So. 444, 124 So. 625. In such instances, the cause of action is deemed to have arisen immediately, therefore prescription runs from the date of commission of the tort.
It is those instances wherein the personal injury does not arise immediately, or is not apparent conjointly with the commission of the tort, that serious problems are encountered in determining the date on which prescription commences.
As regards damage to property, Jones v. Texas & P. Ry. Co., supra, has settled the law to the effect that damage is not "sustained" until it is susceptible of ascertainment and in legal contemplation, things unascertainable are deemed non-existent. The Jones case, supra, further held that until the damage from the tort is revealed, the injured party has no action therefor. Consequently, until the damage is apparent, it is at best uncertain, contingent, speculative, inchoate and so long as it remains in said category does not give rise to a cause of action. In the Jones case, supra, plaintiff sued for the death of a mule which died sometime following its injury. Suit was instituted within one year of the animal's death, but more than one year following the injury. Applying the principles enunciated as above indicated, the Supreme Court held the owner's loss did not occur until the death of the beast; that the cause of action for the loss did not arise until the death, consequently action brought within one year of the death was taken within a year of the time the damage was "sustained." The same result was reached in Guderian v. Sterling Sugar & Ry. Co., Ltd., 151 La. 59, 91 So. 546, wherein suit was filed under the Employers' Liability Act for the loss of an eye, the action being instituted more than one year after the accident happened but within one year of the loss of the eye. Granted, the Guderian case, supra, was not an action under the general tort law, nevertheless the court concluded the cause of action sued on (loss of an eye) did not arise until the actual loss occurred.
We note that in Luke v. Caddo Transfer & Warehouse Co., 11 La.App. 657, 123 So. 444, 124 So. 625, the principle was again enunciated that prescription on a tort action (a personal injury being involved therein) runs from the date the injury is sustained, not the date on which the wrongful act occurred. It is further noted that in the Luke case, supra, the court found the injury was sustained on the date of the accident because plaintiff was immediately aware of having been hurt, consequently his claim prescribed one year from the date of the tort.
The rationale of the applicable jurisprudence appears to be that the mere commission of a tort does not per se give rise to an action in damages. To entitle one to sue on a tort, he must allege and prove the sustaining of loss or damage as a result thereof. It is the combination of two factors, namely, the tort and resulting damages, that gives rise to the cause of action. Until the damage is sustained, there is no cause of action against the tort feasor. Since plaintiff has no claim until the cause of action has arisen, he must be conscious or aware, as would a reasonable person under similar circumstances, of both the tort and damage before he can sue, consequently prescription does not begin to run against him until he has knowledge of both said indispensable elements of his claim.
It has been held that ignorance of the existence of damages, standing alone, does not interrupt the running of prescription. See Aegis Insurance Company v. Delta Fire & Casualty Co., La.App., 99 So.2d 767, and cases therein cited. We believe, however, the instant case is clearly distinguishable from the Aegis case, supra, and the authorities therein quoted. In the case at *565 hand, accepting plaintiff's allegations as true, it is in effect asserted that not only was plaintiff unaware of his damages on the date of the tort but also that they did not exist coincident with the commission of the tort because said damages were asymptomatic from May 28, until June 2, 1965, during which interval plaintiff could not have sued. This is but another way of saying plaintiff's cause of action did not arise until June 2, 1965, on which date they allegedly became manifest and known.
We see no valid reason for differentiating between claims in tort predicated upon whether they involve personal injuries or damages to property. Just as in Jones v. Texas & P. Ry. Co., supra, a claim for damages to personal property is said not to arise during the delay intervening between the tortuous act and the occurrence of the damage, the same reasoning should apply in the case of a plaintiff suing for injuries to his person. Where it is not a question of ignorance alone, but an instance in which there is actual delay between the commission of the tort and the occurrence of resulting damage consequent thereto, prescription should not begin to run until the latter date irrespective of whether the claim is one for damage to one's person or property.
Where, however, the action is brought more than one year subsequent to the commission of the tort, the burden in said instances falls upon plaintiff to show both his lack of knowledge as to his injuries and also circumstances which establish that his damages were not sustained until some time postdating the commission of the tort sued upon.
The issue in cases of this nature is purely one of fact to be resolved initially by the trial court. The court below should have permitted plaintiff opportunity to produce evidence in support of his position. It follows that the judgment of the trial court sustaining defendants' exceptions of prescription must be annulled, reversed and set aside and this matter remanded to the lower court for further proceedings consistent with the views herein expressed.
Reversed and remanded.