279 So.2d 214 (1973)
Glenn W. CHRISTIAN, Plaintiff-Appellant,
v.
DANIELL BATTERY MANUFACTURING CO., INC., et al., Defendants-Appellees.
No. 12090.
Court of Appeal of Louisiana, Second Circuit.
May 30, 1973.
Patrick W. Looney, Shreveport, for appellant.
Cook, Clark, Egan, Yancey & King by James Robert Jeter, Shreveport, for Daniell *215 Battery Manufacturing Co., Inc. and others.
Lunn, Irion, Switzer, Johnson & Salley by Charles W. Salley, Shreveport, for Fidelity & Casualty Co. of New York.
Before BOLIN, HEARD, and HALL, JJ.
HEARD, Judge.
Glenn W. Christian filed this suit for damages on August 21, 1972, against Daniell Battery Manufacturing Company, Inc., Daniell Batteries, Inc., Battery Distributors, Inc., Red Ball Battery & Oxygen Company, Inc., Tri-State Oxygen Company, and their liability insurer, Employers Mutual Liability Insurance Company of Wisconsin. His petition contained the following allegations: On March 26, 1970, while working for defendants, he fell from a ladder which slid out from under him, causing injury to his arm and back. The ladder, provided by defendants, did not have any safety catches or other safety devices. Plaintiff was hospitalized from March 26, 1970, until April 14, 1970, and required nursing services until July 2, 1970. On July 22, 1970, he returned to the hospital for a back operation and remained until August 20, 1970. He returned to work June 1, 1971, and continued to work until August 19, 1971, when he had to quit and was released as permanently injured.
The Fidelity & Casualty Company of New York then intervened to recover workmen's compensation payments and payments for medical expenses made to Christian under the subrogation provision in Fidelity's policy covering Red Ball Battery & Oxygen Company, Inc.
Defendants, with the exception of Tri-State Oxygen Company, filed peremptory exceptions of prescription to plaintiff's petition and the intervention which were sustained dismissing both actions. Both plaintiff and intervenor appealed.
Christian and Fidelity now contend on appeal that the court erred in holding (1) that one year prescription from the date of the fall prevailed and not one year prescription from the date of the knowledge of the permanent nature of the damage; and (2) that prescription of one year applied rather than prescription of ten years for personal actions. We find both contentions without merit.
In support of their argument that the prescriptive period does not begin until the date damages were known to be permanent, appellants cite Lucas v. Commercial Union Insurance Company, 198 So.2d 560 (La.App. 1st Cir. 1967). In that case, plaintiff was involved in an automobile accident on May 28, 1965 but was unaware of having received any injuries in that accident until he went to a physician for a routine check-up on June 2, 1965. He then filed suit on June 2, 1966. In reversing the lower court's dismissal of his action, also on an exception of prescription, the appellate court stated:
"* * * accepting plaintiff's allegations as true, it is in effect asserted that not only was plaintiff unaware of his damages on the date of the tort but also that they did not exist coincident with the commission of the tort because said damages were asymptomatic from May 28, until June 2, 1965, during which interval plaintiff could not have sued. This is but another way of saying plaintiff's cause of action did not arise until June 2, 1965, on which date they allegedly became manifest and known."
[198 So.2d 560, 565]
This is not the situation in the instant suit. Christian's petition contains no allegations that he was unaware of his injuries, but to the contrary, clearly states he was fully aware of the fact that he was injured as a result of the accident and that he was treated for these injuries. He thus did not successfully bear the burden incumbent upon one who brings an action more than one year subsequent to the commission of the tort to show both his lack of knowledge as to his injuries and circumstances *216 which establish his damages were not sustained until some time postdating the commission of the tort sued upon. (Lucas, supra). The rules of law applicable to this case are thus expressed:
"With respect to actions for recovery for personal injuries, when the injury is immediately apparent, that is, when evidence or symptoms thereof are manifest simultaneously with the occurrence of the tort, no problem is encountered in determining the commencement date of prescription. In such instances prescription commences as of the date of the wrongful act. Marquette Casualty Company v. Brown [235 La. 245, 103 So.2d 269 (1958)]. Even though the full extent of the damage or loss may not be immediately ascertainable, nevertheless, if the aggrieved party is aware of claim resulting from the tortuous conduct, the entire claim, including that for damages not then determinable, prescribes in one year from the date of commission of the wrong. Marquette Casualty Company v. Brown, supra; Luke v. Caddo Transfer & Warehouse Co., 11 La.App. 657, 123 So. 444, 124 So. 625 (2d Cir. 1929). In such instances, the cause of action is deemed to have arisen immediately, therefore prescription runs from the date of commission of the tort."
[198 So.2d 560, 563-564]
Considering this action as one in tort, if prescribed one year from the date of the fall and not from the date the permanent nature of the injuries became known. LSA-C.C. Arts. 3536, 3537. It must be noted that even if plaintiff's contention was true, his suit would still have been properly dismissed as it was filed more than one year after he discovered his injuries were permanent.
Appellants' second argument is that the ten year prescriptive period applied as this suit is a personal action. LSA-C.C. Art. 3544. They allege Christian was an employee of defendants under an implied contract under which defendants were obligated by statute, LSA-R.S. 23:13, to furnish safety devices and safeguards. As defendants failed to do so, there was a breach of the contract.
There are no allegations of a contractual relationship in plaintiff's petition. Any implied contract of employment between Christian and defendants, however, must also be governed by the Louisiana Workmen's Compensation Act which is then plaintiff's exclusive remedy. LSA-R.S. 23:1039 and 23:1032; Lavier v. MacLellan, 247 So.2d 921 (La.App. 4th Cir. 1971). Plaintiff would therefore have no cause of action against defendants which could then be noticed on the court's own motion. LSA-C.C.P. Art. 927. The cases cited by appellants are inapposite.
The district court properly found Christian's action had prescribed and its judgment is therefore affirmed at appellants' cost.