SCHOTT, Judge,
concurring:
Accepting as true the allegations of plaintiff’s original and supplemental and amending petitions as well as her affidavit, her claim has prescribed. Plaintiff knew she was injured from the beginning and was being treated for toothache. The fact that she did not learn the full extent of her injuries until more than a year after the accident did not have the effect of extending the prescription date. Christian v. Daniell Battery Manufacturing Co. Inc., 279 So.2d 214 (La.App. 2nd Cir.1973), Hunter v. Sisters of Charity of Incarnate Word, 236 So.2d 565 (La.App. 1st Cir.1970).
In Lucas v. Commercial Union Insurance Company, 198 So.2d 560 (La.App. 1st Cir.1967) the court held that prescription did not begin to run on the date of the tort where there was absolutely no manifesta *1271 tion of injury to plaintiff or awareness by plaintiff of any injury until five days after the tort. This was so because the cause of action itself did not arise until plaintiffs injuries became manifest and known. However, since plaintiff in the instant case knew she was hurt from the time of the accident the following from the Lucas case applies to her situation:
“Even though the full extent of the damage or loss may not be immediately ascertainable, nevertheless, if the aggrieved party is aware of claim resulting from the tortuous conduct, the entire claim, including that for damages not then determinable, prescribes in one year from the date of commission of the wrong.” 198 So.2d at 563.
The trial judge correctly sustained the exception of prescription.