466 So.2d 57 (1985)
Cain DIXON, Plaintiff-Appellant,
v.
Wayne HOUCK, et al, Defendant-Appellee.
No. 16820-CA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 1985.
Rehearing Denied March 27, 1985.
*58 O.L. Waltman, Napper, Waltman, Madden & Rogers, Ruston, for City of Ruston.
Joseph D. Cascio, Jr., Hayes, Harkey, Smith & Cascio, David H. Nelson, Theus, Grisham, Davis & Leigh, Monroe, T.J. Adkins, Dist. Atty., Ruston, for Lincoln Parish Police Jury.
V. Gerald Dean, Grant, Dean, Kneipp, Luffey, Price & Dunn, Monroe, for Wayne Houck, Sheriff of Lincoln Parish.
Before JASPER E. JONES and FRED W. JONES, JJ., and PRICE, J. Pro Tem.
JASPER E. JONES, Judge.
In this tort action plaintiff, Cain Dixon, appeals a judgment sustaining an exception of prescription in favor of the City of Ruston and dismissing his suit against the city with prejudice.
Plaintiff's sole complaint is the trial court erred in holding the hearing on the exception in his absence. Lincoln Parish Sheriff Wayne Houck and the Lincoln Parish Police Jury, who were also defendants in these proceedings, complain the judgment signed by the trial judge inadvertently failed to dismiss plaintiff's suit against them and they request this court to amend the judgment to reflect that their exceptions of prescription were also sustained. We affirm.
On January 23, 1984 plaintiff filed suit through his attorney, Jerald Perlman, against the said defendants seeking to recover damages for injuries he sustained when he slipped and fell in the shower at the Ruston City Jail while a prisoner at that facility. Subsequent to being injured plaintiff was transferred to Angola and remained incarcerated at that facility throughout the proceedings below.
In his petition plaintiff alleged the slip and fall for which he seeks to recover occurred on February 4, 1983. The defendants each filed exceptions of prescription alleging the incident actually occurred on January 4, 1983 and plaintiff's action was not brought within the one year prescriptive period for torts. See LSA-C.C. art. *59 3536. A hearing on the exceptions was set for May 16, 1984.
On April 25, 1984 plaintiff petitioned the trial court in proper person to issue a Writ of Habeas Corpus Ad Testificandum directing the Warden at Angola to deliver him to Lincoln Parish for the purpose of testifying at the May 16, 1984 hearing. An order issuing the writ was signed on April 27, 1984.
On April 30, 1984 plaintiff filed in proper person a "Motion in Opposition of Peremptory Exception of Prescription" again alleging the accident occurred on February 4, 1983. In the motion plaintiff also alleged that the prescriptive period for the incident did not begin to accrue until February 18, 1983 when he was hospitalized for a second slip and fall incident in the Ruston City Jail. The basis for this allegation was that plaintiff did not learn the seriousness of the injuries he suffered in the first fall until after he was hospitalized for the second fall.
On May 2, 1984 the trial court signed an order allowing Perlman to withdraw as plaintiff's counsel of record. The order also stayed all proceedings in the case until June 1, 1984 and reset the hearing date on the exceptions for June 11, 1984. The order was filed in the record on May 3, 1983. The same day Ruby Nell Cobb, the Third Judicial District Clerk of Court, sent plaintiff a copy of the following letter:
Gentlemen:
This is to advise you that a Motion and Order has this date been filed and signed allowing Mr. Jerald L. Perlman to withdraw as counsel of record for the plaintiff, and ordering that all proceedings be stayed in this matter until June 1, 1984 to allow said plaintiff to obtain new counsel. A copy of the Order is attached for your convenience.
Also you will note that the Rule set for May 16, 1984 in this matter has been upset and refixed for June 11, 1984 at 9:30 A.M.
With kindest regards, we are
 Very truly yours,
 Ruby Nell Cobb,
 Clerk of Court
When the hearing on the exceptions was called on June 11, 1984 plaintiff was neither present nor represented by counsel. Before taking evidence on the exceptions the trial judge called Ms. Cobb to the witness stand. She testified that she sent plaintiff a copy of the quoted letter and had not received it back as undelivered. Based upon this testimony the trial judge found plaintiff had adequate notice his attorney had withdrawn and the hearing had been reset for June 11, 1984. The judge proceeded with the hearing after noting for the record that no attorney had enrolled in plaintiff's behalf, plaintiff had not asked for a continuance and he made no additional requests to be present at the hearing. After taking evidence on the exceptions the judge found that the complained of slip and fall occurred on January 4, 1983 and that more than one year elapsed prior to the filing of plaintiff's petition.
In brief plaintiff does not deny that he received the clerk's letter. He argues that, by filing the motion in opposition to the exceptions and the Writ of Habeas Corpus Ad Testificandum, he clearly expressed his desire to be present at the hearing on the exception and it was unnecessary for him to take any additional steps after the original hearing date was upset.
In light of the clerk's letter notifying plaintiff his attorney had withdrawn and the hearing date had been reset, which letter was sent more than a month prior to the hearing being held, the trial judge was under no duty to secure plaintiff's presence at the hearing nor to continue it because of his absence. See Rochon v. Consolidated Const. Co., 452 So.2d 404 (La.App. 3d Cir. 1984). We also note plaintiff has failed to show how he was prejudiced by not being present at the hearing.
The burden of proving a tort action has prescribed rests upon the defendant or party pleading prescription. Pearson v. Hartford Accident & Indemnity Company, 281 So.2d 724 (La.1973); Langlinais v. *60 Guillotte, 407 So.2d 1215 (La.1981). However, once it is proved that more than one year elapsed between the time the tort occurred and the filing of suit, the burden shifts to the plaintiff to prove an interruption or suspension of prescription. See Lucas v. Commercial Union Insurance Company, 198 So.2d 560 (La.App. 1st Cir. 1967); Hunter v. Sisters of Charity of Incarnate Word, 236 So.2d 565 (La.App. 1st Cir.1970); Bennett v. General Motors Corp., 420 So.2d 531 (La.App. 2d Cir.1982).
The defendants presented substantial evidence, both testimonial and documentary, showing that the only slip and fall incident in which plaintiff was involved while a prisoner at the Ruston City Jail occurred on January 4, 1983. Two police officers testified they were called to the jail late in the afternoon of January 4, 1983 and there found plaintiff in great pain lying on the floor near the shower. They removed him from the jail and sent him in an ambulance to the Lincoln Parish General Hospital. These officers prepared a written report on the incident and the report was dated January 4,1983 and filed in evidence at the time of the hearing.
Plaintiff does not state the kind of evidence he could have presented if he had been present at the hearing to rebut the defendant's evidence. We note that the only evidence he apparently could have presented would have been his unsupported testimony since he did not subpoena any other witnesses or documents. Plaintiff's unsupported testimony would have been insufficient to overcome the considerable evidence presented by defendants.
We also note that even if plaintiff had been present at the hearing he could not have prevailed on his claim that the prescriptive period was suspended until after he learned the extent of his injuries. In a tort action knowledge that the tortious act caused the injury is sufficient to commence the running of prescription. Lucas v. Commercial Union Insurance Company, supra; Hunter v. Sisters of Charity of Incarnate Word, supra; Bennett v. General Motors Corp., supra. A lack of knowledge as to the extent of the injuries does not suspend the running of prescription. Bernard v. Air Logistics, Inc., 407 So.2d 469 (La.App. 1st Cir.1981) writ den. 409 So.2d 656. The evidence establishes that plaintiff was carried to the emergency room at Lincoln General Hospital within minutes after the accident occurred and his back was there x-rayed. Plaintiff was hospitalized for back and leg pain from January 24 to January 28, 1983 and while there a myleogram was performed upon him which was reported negative. These facts establish plaintiff was aware of the accident and resulting injury immediately after it occurred. Under these circumstances prescription was not suspended until plaintiff learned the extent of his injuries.
The trial court's determination that plaintiff's cause of action prescribed prior to the filing of suit is supported by substantial evidence and we find no manifest error in that determination. Even if the trial court erred in not securing plaintiff's presence for the hearing, plaintiff has failed to show that the plea of prescription would not have been sustained if he had been present and has therefore failed to show prejudice.
We agree with the sheriff's and police jury's contention that the failure to include them in the judgment sustaining their pleas of prescription was due to an inadvertent oversight. In his reasons for judgment the trial judge clearly states that he was sustaining the exception as to all defendants. The sheriff and police jury contend we should amend the judgment and dismiss the plaintiff's suit as to them. They rely on Thompson v. Bamburg, 231 La. 1082, 93 So.2d 666 (1957); Pasquier, Batson & Co. v. Ewing, 367 So.2d 28 (La. App. 2d Cir.1978) and Lalumia v. Lalumia, 115 So.2d 883 (La.App.Orl.1959). We have reviewed these cases and find none of them support the contention of the sheriff and police jury.
We are unable to amend the judgment since the sheriff and police jury merely requested this relief in brief. They neither *61 appealed nor answered plaintiff's appeal and this court cannot consider their request. LSA-C.C.P. art. 2133; Williams v. Langston, 138 So.2d 691 (La.App. 4th Cir. 1962); Prado v. Hydrocarbon Testers, Inc., 332 So.2d 514 (La.App. 3d Cir.1976).
AFFIRMED.