LINDSAY, Judge.
The plaintiff, Pearlie B. McClelland, appeals the trial court judgment which sustained the peremptory exception of prescription filed by the defendant, Jarrell’s, Inc. and dismissed the plaintiff’s action in tort for damages resulting from her fall in the defendant’s parking lot. We affirm the trial court’s judgment.
On June 3, 1983, the plaintiff went to Jarrell’s, Inc., a retail clothing store for women, to pay her bill. After leaving the store, the plaintiff stumbled as she was crossing the parking lot and fell to her hands and knees. She testified that “her ankle turned,” that her “feet twisted,” and that her hands and knees .were bleeding. However, she was able to return to work. She did not think her injuries were very extensive until the pain in her ankle caused her to seek the attention of a physician on June 6,1983. At that time she was treated for a sprained ankle. After receiving treatment from several doctors, the plaintiff eventually underwent surgery in 1984 for nerve damage in her ankle. She testified that at the time the accident occurred, however, she was not aware that she had injured her ankle.
The plaintiff filed a petition instituting this suit against the defendant on June 6, 1984, alleging that the defendant was negligent in failing to properly and safely main *763 tain its parking lot. The defendant excepted to the plaintiffs suit on the grounds of prescription, as it was apparent from the face of the plaintiffs petition that the suit was filed more than one year after the date of her fall.
A hearing was held and the trial court sustained the defendant’s exception of prescription, finding the plaintiff knew or should have known of her injury, under the circumstances, at the time of her fall.
The plaintiff on appeal argues that her suit was timely filed in that she was unaware that her ankle had been injured until June 6, 1983. She contends that although her fall occurred on June 3, 1983, the resulting damages, which would give rise to a cause of action against the defendant, were not manifested until three days later.
LSA-C.C. Art. 3492 provides the prescriptive period applicable in the instant situation.
Delictual actions are subject to a liber-ative prescription of one year. This prescription commences to run from the day injury or damage is sustained.[1]
In Hunter v. Sisters of Charity of Incarnate Word, 236 So.2d 565 (La.App. 1st Cir.1970) it was noted that
[generally the burden of proof rests upon the defendant pleading prescription as an affirmative defense. Succession of Thompson, 191 La. 480, 186 So. 1; Foster v. McLain, La.App., 198 So.2d 463; Ludlam v. International Paper Company, La.App., 139 So.2d 67. Where, however, plaintiff’s petition shows on its face that the asserted claim has prescribed, PLAINTIFF must allege and prove facts sufficient to show a suspension or interruption of prescription sufficient to bring the action within the prescriptive period. Kennard v. Yazoo and M.V.R. Co., La.App., 190 So. 188. Lucas v. Commercial Union Insurance Company, La.App., 198 So.[2d] 560, announces the rule that where an action for personal injuries is brought more than one year subsequent to the commission of the tort, to avoid the effect of prescription, plaintiff must show lack of knowledge as to the injuries and circumstances which establish that the injuries were not sustained until some time following commission of the tort sued upon.
In the instant case, the plaintiff concedes that the alleged tort occurred on June 3, 1983. Suit was not filed until June 6, 1984. Therefore, as the plaintiffs claim appears prescribed on the face of her petition, plaintiff bears the burden of showing suspension or interruption of prescription. Plaintiff, however, has not upheld her burden of proof to show that the period of prescription should not have commenced until June 6, 1983.
As noted in plaintiff’s testimony, she was aware that she had sustained some injuries when she fell in the defendant’s parking lot on June 3, 1983. Her hands and knees were bleeding and she indicated that upon falling, her “ankle turned” and her “feet twisted.” She felt some discomfort in her ankle on June 5 before seeing the doctor on June 6, 1983. The fact that the pain in her ankle, resulting from this fall, did not intensify to the point of extreme discomfort until June 5 or June 6 is of little moment, as the plaintiff was aware of the circumstances and of the date on which the injury to her ankle was sustained. The medical reports of both doctors seen by the plaintiff on June 6, 1983 indicate that the plaintiff’s ankle had continued to hurt since her fall on June 3, 1983.
As noted in Lucas v. Commercial Union Insurance Co., 198 So.2d 560 (La.App. 1st Cir.1967):
Even though the full extent of the damage or loss may not be immediately ascertainable, nevertheless, if the aggrieved party is aware of [a] claim resulting from the tortuous [sic] conduct, the en *764 tire claim, including that for damages not then determinable, prescribes in one year from the date of commission of the wrong. Marquette Casualty Company v. Brown, [235 La. 245, 103 So.2d 269] supra; Luke v. Caddo Transfer & Warehouse Co., 11 La.App. 657, 123 So. 444, 124 So. 625. In such instances, the cause of action is deemed to have arisen immediately, therefore prescription runs from the date of commission of the tort.
This court in Dixon v. Houck, 466 So.2d 57 (La.App. 2d Cir.1985) stated that:
In a tort action knowledge that the tor-tious act caused the injury is sufficient to commence the running of prescription. Lucas v. Commercial Union Insurance Company, supra; Hunter v. Sisters of Charity of Incarnate Word, supra; Bennett v. General Motors Corp., supra. A lack of knowledge as to the extent of injuries does not suspend the running of prescription. Bernard v. Air Logistics, Inc., 407 So.2d 469 (La.App. 1st Cir.1981) writ den. 409 So.2d 656.
The situation in the instant case is analogous to that in Christian v. Daniell Battery Manufacturing Co., Inc., 279 So.2d 214 (La.App. 2d Cir.1973), where the plaintiff,
did not successfully bear the burden incumbent upon one who brings an action more than one year subsequent to the commission of the tort to show both his lack of knowledge as to his injuries and circumstances which establish his damages were not sustained until some time postdating the commission of the tort sued upon. (Lucas, supra).
Therefore, the plaintiff's claim against the defendant prescribed on June 3, 1984. The trial court was correct in dismissing the plaintiffs suit against the defendant and sustaining the defendant’s peremptory exception of prescription. Thus, the trial court’s judgment is affirmed, at plaintiff’s costs.
AFFIRMED.

. As noted in the comments to LSA-C.C. Art. 3492 the first sentence of the article reproduces the substance of Article 3536(1) and the second sentence that of Article 3537(2) of the Louisiana Civil Code of 1870. This article does not change the law.