LeBLANC, Judge.
This is an appeal from a judgment dismissing the plaintiffs’ suit, based upon the granting of the defendants’ exception of prescription.
On April 21, 1983, Kenneth Additon and his wife, Reva Additon, filed suit against Chevron, U.S.A., Inc. and Woodson Construction Company, Inc. for personal injuries allegedly sustained by Mr. Additon during the course of his employment with Kori Corporation. An intervention was filed by Liberty Mutual Insurance Company, Kori’s workmen’s compensation insurer, for benefits and medical expenses paid to Mr. Additon. Chevron and Woodson each filed exceptions of prescription as to both plaintffs’ and intervenor’s claims. After a hearing, the trial court first took this matter under advisement, then subsequently rendered judgment sustaining defendants’ exceptions. Both plaintiffs and inter-venor have appealed this judgment.
In their petition, which was filed on April 21, 1983, plaintiffs allege that the accident resulting in Mr. Additon’s injuries occurred “[o]n or about May 1, 1982”. The petition further alleged that on that date, Mr. Addi-ton was working as a painter for Kori at a facility owned by Chevron, pursuant to a subcontract between Kori and Woodson, which had contracted with Chevron to perform certain work at the above-mentioned facility. In his deposition, Mr. Additon stated that, on that date, while he was lifting a pipe in order to paint it, “... I strained myself more than I ever strained myself in my life.” Although his back hurt immediately, he stated that he did not mention the incident to anyone, because he was not certain that his back was badly hurt. He continued working the rest of that day and thereafter, but contends that the pain, which he also began experiencing in his legs, continued to worsen. Within a few weeks, he was complaining almost daily to his brother of pain in his legs. The first time Mr. Additon consulted a doctor was on May 31, 1982. At that time, his condition was diagnosed as a pulled back muscle. However, Mr. Additon later consulted other doctors and was eventually diagnosed as having a ruptured lumbar disc, which necessitated extensive medical treatment, including numerous surgeries.
The pivotal issue in this case is the date upon which Mr. Additon’s accident occurred. Plaintiffs contend that defendants have not carried their burden of proving plaintiffs’ cause of action has prescribed.
Plaintiffs’ contention that defendants bear the burden of proving their exception of prescription is correct. Levron v. Bonin, 448 So.2d 211 (La.App. 1st Cir.1984). Their contention that defendant did not establish the exact date of the accident is also correct. However, defendants did establish with certainty that the latest date on which the accident could have occurred was April 18, 1982, because that was the last date Mr. Additon worked at the facility where the accident occurred. This date *467 was clearly established by Mr. Additon’s payroll records, which were uncontroverted by any substantial evidence. The fact that the accident occurred on or before this date is further corroborated by the fact that, in giving his medical history to several of his doctors, Mr. Additon stated that the accident occurred in March of 1982. The only indication that the accident may have occurred later than April 18, 1982, is Mr. Additon’s deposition testimony, which is quite inconclusive. He could only state that he thought the accident occurred approximately four weeks before he first consulted a doctor on May 31, 1982. As to the fact that he told several doctors that the accident occurred in March, he stated he was confused at the time, but later narrowed the date down when he reviewed the facts more carefully.
In view of the evidence in the record, we find no manifest error in the trial court’s conclusion that the latest date that the accident could have occurred was April 18, 1982. Accordingly, plaintiffs had one year from this date to file suit. La.Civ.Code art. 3492. Plaintiffs, however, did not file their suit until more than one year later on April 21, 1983.
Once it is established that more than a year has elapsed between the time the tort occurred and the filing of suit, the burden of proof shifts to the plaintiff to show an interruption or suspension of prescription. Lucas v. Commercial Union Insurance Company, 198 So.2d 560, 565 (La.App. 1st Cir.1967); Dixon v. Houck, 466 So.2d 57, 60 (La.App. 2d Cir.1985). Plaintiffs argue that even assuming April 18,1982, was the latest possible date of the accident, prescription did not commence at that time because their cause of action did not accrue until the middle of May, at the earliest, when Mr. Additon began experiencing manifestations of substantial injury. They also argue that even if plaintiffs’ cause of action is deemed to have accrued on the date of the accident, prescription did not commence running at that time because of the doctrine of contra non valentum, under which prescription does not run as long as a plaintiffs cause of action is not known or reasonably knowable to him. Again, plaintiffs maintain that the earliest this could have occurred was the middle of May 1982, when Mr. Additon began experiencing substantial pain in his back and legs.
These arguments are without merit. Under Louisiana law, prescription commences on the day the plaintiff knew or should have known he has sustained damages as a result of a tort. La.Civ.Code art. 3492; Carbo v. Hart, 459 So.2d 1228 (La.App. 1st Cir.1984); writ denied, 462 So.2d 654 (1985). If it is immediately apparent to the victim that he has sustained damages, prescription runs from the date the tort is committed, even if the extent of the victim’s injuries are not known. Wiggins v. Creary, 475 So.2d 780 (La.App. 1st Cir.), writ denied, 478 So.2d 910 (La.1985); Lucas, supra at 563. This is what occurred in the instant case. According to Mr. Addi-ton’s own testimony, he experienced pain and knew he had hurt his back immediately upon injuring it. The fact that he did not know the extent of his injury at that time did not prevent prescription from running, since Mr. Additon was aware of immediate physical manifestations of injury following the accident in question.
For the above reasons, the judgment of the trial court is affirmed. All appeal costs are to be paid by plaintiffs.
AFFIRMED.