ELLIS, Judge.
This suit arises out of an automobile accident which happened in East Baton Rouge Parish on August 9, 1965. The suit alleges that the accident happened between a truck operated by defendant, and an automobile in which plaintiff Gertrude Butler was a passenger, and that the accident was due to the negligence of defendant. Articles 4, 5, and 6 of the petition read as follows:
“4. That Gertrude Butler was approximately 5 months pregnant at the time of *806 said accident and that said accident aggravated her condition to such an extent that her baby, Dennis Ray Butler, was horn 2 months prematurely on or about 4 October 1965.
“5. That because she had no knowledge that her baby would be born prematurely she was unable to have it delivered by a physician and it was necessary that the hospital nurses deliver her baby, and that on information and belief, said procedure caused injury to her body, stomach and internal organs.
“6. That the accident caused Gertrude Butler and Lesage Butler to worry over the well-being of their unborn child and on information and belief they believe it caused injury to their child.”
The suit was filed on August 24, 1966, and defendant filed an exception of prescription, which was maintained by the trial court. From the judgment of dismissal, plaintiff has taken this devolutive appeal.
Articles 3536 and 3537 of the Civil Code provide that actions resulting from offenses or quasi offenses are prescribed by one year, and the prescription runs from the date on which the damage was sustained. This Court, in the recent case of Lucas v. Commercial Union Insurance Company, 198 So.2d 560 (La.App. 1 Cir. 1967), held that when there was an, actual delay between the commission of the tort and the occurrence of the damage resulting therefrom, prescription does not begin to run until the latter date. We find that the holding in that case is directly applicable to the instant case. The injuries alleged by plaintiffs to Mrs. Butler and to their minor child could not have happened until the time of delivery. Under those circumstances, the injury was “sustained” on the latter date, October 4, 1965.
Defendant points out that plaintiffs are also seeking damages for worry over the condition of their unborn child, and that this claim arose immediately with the occurrence of the accident. He contends that since plaintiffs were aware of a claim arising as a result of the accident, and a suit was not brought within one year of the date of the accident, all other claims arising therefrom, whether determinable or not as of the date of the accident, are also prescribed. He relies on the following language found in the Lucas case, supra:
“Even though the full extent of the damage or loss may not be immediately ascertainable, nevertheless, if the aggrieved party is aware of claim resulting from the tortuous conduct, the entire claim, including that for damages not then determinable, prescribes in one year from the date of commission of the wrong. Marquette Casualty Company v. Brown, supra, 235 La. 245, 103 So.2d 269; Luke v. Caddo Transfer & Warehouse Co., 11 La.App. 657, 123 So. 444, 124 So. 625. In such instances, the cause of action is deemed to have arisen immediately, therefore prescription runs from the date of the commission of the tort.”
However, an examination of the above language in context, and a reading of the authorities on which it is based, makes it clear that the Court was referring to cases in which an injury is known to have been incurred, but the extent of which may not have been determined. In this case, the injury complained of in the petition could not have been incurred until the date of birth of the child.
With respect to the claim for worry, we agree that this arose as of the date of the accident and that it is prescribed. However, the alleged injuries to the mother and the minor child as of the date of birth were not sustained until October 4, less than one year prior to the institution of this suit. Of course, it is incumbent on the plaintiff to prove by a preponderance of the evidence the causal connection between the accident and the injuries complained of.
For the above and foregoing reasons, we are of the opinion that the judgment ap *807 pealed from is incorrect, and same is hereby reversed and the case remanded for trial on the merits. All costs of this appeal are to be paid by appellee.
Reversed and remanded.