PETERS, Judge ad hoc.
This is a medical malpractice suit. Defendant 'filed a peremptory exception of prescription which was sustained and plaintiff appealed.
Plaintiff, Mrs. Couvillion, consulted Dr. Joseph Villard, defendant’s insured, on March 15, 1974 concerning a drainage problem in her left ear. Mrs. Couvillion had undergone a mastoidectomy of the left ear in 1953 and had experienced drainage in the ear since that operation. Dr. Vil-lard scheduled plaintiff for a surgical revision of the left mastoidectomy on March 19, 1974. During the course of surgery he severed a left facial nerve, resulting in partial paralysis of the left side of plaintiff’s face. Plaintiff realized the next morning the left side of her face was paralyzed and Dr. Villard told Mrs. Couvilli-on either the following day or the following week that the paralysis was a result of the surgery. Plaintiff testified Dr. Villard told her the facial nerve would grow back; Dr. Villard testified he told Mrs. Couvil-lion he did not know if her facial function would return. Dr. Villard placed plaintiff on a program of physical therapy. Over a period of time the muscle tone in her face *738 gradually returned until she had recovered about 90% of her facial function. However, the feeling in her face never returned. Mrs. Couvillion continued under Dr. Villard’s treatment until January, 1975. In June, 1975, plaintiff consulted another doctor and he informed her that her facial paralysis was permanent. A third doctor subsequently confirmed this diagnosis. Plaintiff filed this suit on September 2, 1975.
Plaintiff argues that prescription did not run against her claim because Dr. Villard led her to believe that the damage caused by the surgery was not permanent. Plaintiff contends that her claim is not barred by prescription because Dr. Villard never told her the paralysis was permanent and continued to treat her and to tell her that her facial function was returning. Plaintiff relies upon the case of Perrin v. Rodriguez (La.App. Orleans, 1934), 153 So. 555.
In Perrin, the court held prescription would not run against a claim for negligence when the doctor who is guilty of negligence continues to treat the patient and conceals from him the fact that the doctor has negligently injured him. The defendant in that case, a dentist, had pulled several of his patient’s teeth and had fitted dentures. When he pulled the teeth, the dentist negligently left parts of the roots of those teeth embedded in the jawbone. The patient suffered for over a year and was continually treated by the dentist during that period. The dentist believed the pain was caused by ill-fitting dentures and treated his patient accordingly. The patient had no way of knowing the dentist’s negligence was the cause of his pain.
The instant case is distinguishable from Perrin in that Dr. Villard, unlike the dentist in Perrin, did not conceal the fact that his actions during surgery were the cause of Mrs. Couvillion’s paralysis. Counsel for plaintiff concedes that this distinction exists but argues the Perrin rationale should cover the present situation because the permanent nature of the paralysis was concealed from plaintiff.
We cannot accept this argument. The basis for the Perrin rule is that prescription should not run as long as the tortfeasor has concealed from the victim the fact that he has suffered an actionable injury. Thus, in Perrin the court held prescription does not begin to run when a doctor conceals from his patient the fact that the patient has suffered an injury or conceals the fact that the injury was caused by the doctor. In the instant case, both Mrs. Couvillion and Dr. Villard testified that Dr. Villard told Mrs. Couvillion soon after the operation the paralysis was caused by the surgery. Even if he had not told her the paralysis was permanent, he told her that he had caused a paralysis to the left side of her face and she knew, or should have known, at that time that she had a cause of action for negligence. Therefore, prescription began to run against plaintiff’s claim almost immediately after the surgery. Even though plaintiff did not then realize the full extent of the damage (i. e. its permanent nature) prescription began to run against the entire claim when Mrs. Couvillion became aware of the injury resulting from the tortious conduct. Duhon v. Saloom (La.App. 3rd Cir., 1975), 323 So.2d 202; Lucas v. Commercial Union Insurance Company (La. App. 1st Cir., 1967), 198 So.2d 560.
For the reasons assigned, the judgment of the lower court is affirmed at plaintiff-appellant’s costs.
Affirmed.