COVINGTON, Judge.
This is an appeal from a judgment of the lower court sustaining an exception of prescription, and dismissing the plaintiffs’ action. The plaintiffs, Richard Sanders and his wife, Lena J. Sanders, have appealed devolutively. We affirm.
The basis for the dismissal was that more than one year had elapsed since the plaintiffs had knowledge of the existence of the cause of action. LSA-C.C. art. 3536.
This suit arises out of certain injuries allegedly sustained by Lena J. Sanders while she was undergoing the extraction of a lower wisdom tooth by the defendant, Matthew H. Blunt, an oral surgeon, on September 19, 1975. The plaintiffs allege that *621 in the course of administering an anesthetic, and in the subsequent procedures necessary to extract the wisdom tooth, Mrs. Sanders was left with a permanent numbness in the right half of her tongue and that she experiences a sharp, painful sensation in her tongue when pressure is applied to the teeth in the lower right portion of her mouth.
The record reflects that the petition in this matter was filed on March 18,1977. In response to the suit, Dr. Blunt filed a peremptory exception of prescription, setting out that more than one year had elapsed after the happening of the acts and/or omissions sued upon, and that Mrs. Sanders was fully aware of the acts and omissions allegedly committed or omitted by Dr. Blunt and was fully aware of the injuries and damages allegedly sustained by the plaintiffs several days after the surgical procedure.
The matter came on for a hearing on the exception, and the lower court rendered judgment on September 9, 1977, which judgment was signed on September 11, 1977, maintaining it.
The record, particularly the deposition of Mrs. Sanders, reflects that she had actual knowledge of the act, the damage, and the causal relationship between the two, within a few days of the extraction of the tooth.
She testified in her deposition that on the day following the surgery the numbness caused by the anesthetic had worn off, except for her tongue, and that she was aware that something was wrong. Following several office visits, she stated that she was informed by Dr. Blunt that some nerve damage may have been caused. Her deposition further indicates that she was concerned about some loss of feeling in her tongue and the sustaining of some nerve damage ever since the anesthetic wore off. Parenthetically, she is a Licensed Practical Nurse.
Mrs. Sanders’ dental malpractice action is one in tort, and the applicable prescriptive period is one year from the time she had actual or constructive knowledge of the alleged tortious act, the damage, and the causal relation between the act and the damage.
Although ’ C.C. art. 3536 was the cited authority used by court and counsel, we are governed by Act 808 of 1975, which became effective on September 12,1975, seven days prior to the operation. Therein, the legislature set up definitive periods of prescription and peremption, viz: the action must be brought within one year of the date of the alleged act, or within one year of the discovery thereof, but it must be filed within three years from the date of the act. R.S. 9:5628.
The case of Couvillion v. St. Paul Fire and Marine Insurance Company, 328 So.2d 737 (La.App. 3 Cir. 1976), is also pertinent on the question of prescription. In Couvillion, the plaintiff underwent a mas-toidectomy, which surgical procedure was performed on March 19, 1974. During the surgery a facial nerve was severed, partially paralyzing the plaintiff’s face. The next day this paralysis was discussed with the physician, who informed the plaintiff that the nerve would regenerate. Although the muscle tone returned after a period of time, she did not regain any. sensation in her face. Thereafter, in June of 1975, she consulted another physician, who advised her that the nerve damage was permanent. She filed suit on September 2, 1975. From a judgment maintaining the doctor’s exception of prescription, the plaintiff appealed, contending that since the doctor had not informed the plaintiff that the facial paralysis was permanent, prescription had not run.
The Court rejected this contention, stating:
“In the instant case, both Mrs. Couvillion and Dr. Villard testified that Dr. Villard told Mrs. Couvillion soon after the operation the paralysis was caused by the surgery. Even if he had not told her the paralysis was permanent, he told her he had caused a paralysis to the left side of her face and she knew, or should have known, at the time that she had a cause of action for negligence. Therefore pre *622 scription began to run against plaintiff s claim almost immediately after the surgery. Even though plaintiff did not then realize the full extent of the damage (i. e. its permanent nature) prescription began to run against the entire claim when Mrs. Couvillion became aware of the injury resulting from the tortious conduct.”
Such is the case alleged by Mrs. Sanders. Prescription had run by the time she filed her action in tort on March 18, 1977.
For the reasons assigned, judgment is affirmed at the plaintiffs-appellants’ costs.
AFFIRMED.